## MURPHY v. MURPHY.

1. JURISDICTION—TERRITORIAL LAWS CONFER.

The jurisdiction of the district courts of this territory is such as is defined and conficrred upon them by the territorial laws. Sec. 1874, of the Organic Act, provides that " * * Judges are authorized to hold courts within their respective districts, in the counties wherein, by the

laws of the territory, courts have been or may be established." Hence the creation by congress of a new judicial district does not affect the jurisdiction of the new district judge to try causes pending in those counties in his district, prior to such change, the number of the district or change of the presiding judge being immaterial.

Filed December 12, 1885.

Appeal from the district court of Burleigh county.

*L. O. Wilson,* for appellant

No briefs or abstracts on file.

The facts are stated in the opinion of the court.

HUDSON, J.   The only question on this appeal is one of jurisdiction.   The action was brought by the appellant against the respondent for a divorce in said county of Burleigh, in the Third judicial district.   Subsequently, and before a hearing of the case, the Third judicial district was divided by an act of congress, and the Sixth judicial district was created by taking a number of counties off from the west side of the Third district, among which is Burleigh county, and a judge was appointed for the new district.   The proofs in this case having been taken, application was made by the plaintiff to the judge of the Sixth district for a hearing at his chambers, (no appearance having been made by the defendant,) and for a decree according to the prayer of the complaint; upon which the judge of said court refused to entertain jurisdiction, on the ground that, the action having been commenced and the venue laid in the Third judicial district, the case could not be heard and a decree entered in the Sixth, although it embraced Burleigh county.   Judgment of dismissal was thereupon entered, from which this appeal is brought.

Some confusion has arisen in the minds of many persons, from the peculiar construction of territorial courts, as to jurisdiction.   The organic act has established a territorial court for this territory, denominated the supreme court, originally with a chief justice and two associate justices, to which three associate justices have been added.   This is purely an appellate court.   It is provided by the same act that the judges of the supreme court shall be assigned to districts, and shall hold

courts therein.  By Section 1910 their jurisdiction is defined, being the same as that vested in the circuit and district courts of the United States, in all cases arising under the constitution and laws of the United States.  This is federal jurisdiction.  If this were all there would be no court in this territory of general jurisdiction to try causes arising under the territorial laws.  But section 1874 of the same act provides ''that these judges are authorized to hold court within their respective districts in the counties wherein, by the laws of the territory, courts have been or may be established, for the purpose of hearing all matters and causes, except those in which the United States is a party; but the expense of holding such court shall be paid by the territory, or by the counties in which the courts are held, and the United States shall in no case be chargeable therewith.''  This is the same court exercising jurisdiction under the laws of the territo·y, which laws have prescribed its jurisdiction.  Congress has not attempted to define the jurisdiction of these courts except as federal courts.  It has only given them the authority to hear and determine all matters and causes arising under the territorial laws.  Chapter 3 of the Code of Civil Procedure prescribes their jurisdiction in such causes, among which are all actions for a divorce from the marriage contract, and to obtain a decree of nullity of marriage.

It is the United States court administering the laws of the territory, and the fact that the number of the district or the presiding judge has been changed is of no moment.  It is quite immaterial what the district may be called; if a case is pending in any county within its limits, the court has such jurisdiction as the territorial legislature has prescribed, and must hear and determine all such matters and causes, at all points where courts have been or may be appointed to be held, except those in which the United States is a party, without regard to the time when commenced, or any change that has been made in the district.  The venue in this case having been laid in Burleigh county, the cause must be heard by the judge whose district embraces that county, whoever he may be, or whatever the number of the district at the time he is called upon to act.

Congress has the power to change the districts, or to create new ones, but cannot by such change divest the court of such jurisdiction as the territorial legislature has prescribed for territorial causes.

The judgment and order of the district court dismissing the case is reversed.

All the justices concurring.