BIDDEFORD SAVINGS BANK *vs.* MARY E. M. MOSHER and trustee.

York.    Opinion March 5, 1887.

*Trustee process.    Pleadings.    Abatement.*

A plea in abatement to a trustee writ, founded upon the fact that the alleged
trustee was not a resident of the county, is bad if it does not allege the
non-residence at the time of the commencement of the action.

ON EXCEPTIONS to the ruling of the court in overruling a
demurrer to the following plea in abatement.

"And now the said defendant, Mary E. M. Mosher, comes and
defends the wrong and injury, etc., and prays judgment of the
plaintiff's writ, and that the same may be quashed, because she
says that the Mutual Life Insurance Company of New York,
named in said writ as trustee of the said defendant, Mary E.
M. Mosher and the only trustee named in said writ, is a foreign
corporation existing under the laws of the State of New York,

and at the time of the service of said writ upon Benjamin F. Chadbourne, the alleged agent, to wit, on the fifteenth day of April, 1886, at said Biddeford, had no established or usual place of business at Biddeford, within the County of York, as alleged in said writ, or at any place within said County of York; nor did it hold its last annual meeting in said County of York; nor did it usually, or ever hitherto hold any meetings in said County of York; nor was the said Benjamin F. Chadbourne at the time of the service of said writ upon him, to wit, on the fifteenth day of April, 1886, the agent of said Mutual Life Insurance Company of New York, to wit, at said Biddeford; but the said Mutual Life Insurance Company at the time of the service of said writ, to wit, on the fifteenth day of April, 1886, did have an established and usual place of business in the County of Cumberland, in said State of Maine, to wit, at Portland, in said County. William D. Little of said Portland then, and long before, and ever since, being their duly authorized agent for the transaction of their business in said County of Cumberland, and in said State of Maine, and this, she, the said Mary E. M. Mosher, is ready to verify.

" Wherefore, inasmuch as the said writ of the said plaintiff is brought in the Supreme Judicial Court for and within the County of York, in which the said supposed sole trustee has no residence, instead of being brought in the Supreme Judicial Court for and within the County of Cumberland, in which the said supposed sole trustee had an established and usual place of business, long before and at the time of the service of said writ, to wit: on the fifteenth day of April, 1886, at Portland, aforesaid, in the County of Cumberland aforesaid, the said defendant prays judgment of said writ and that the same may be quashed and for her costs.　　　　　　　　　　Mary E. M. Mosher,

　　　　　By Hiram Knowlton, her attorney and agent."

"State of Maine, York, ss.　　　　　　　　May 18, 1886.

"Personally came Hiram Knowlton, above named, on this eighteenth day of May, A. D. 1886, and made oath that the foregoing plea is true in substance and in fact, before me,

　　　　　G. C. Yeaton, Justice of the peace."

*R. P. Tapley*, for plaintiff, cited : *Burnham* v. *Howard*, 31
Maine, 569 ; *Adams* v. *Hodsdon*, 33 Maine, 225 ; *Tweed* v.
*Libbey*, 37 Maine, 49 ; *Getchell* v. *Boyd*, 44 Maine, 482 ;
*Bellamy* v. *Oliver*, 65 Maine, 108 ; 1 Chitty's Pl. 457 ; *Severy*
v. *Nye*, 58 Maine, 246 ; *Sargent* v. *Hampden*, 38 Maine, 581 ;
R. S., c. 81, § 95.

*Edwin Stone*, also for plaintiff.

*H. and W. J. Knowlton*, for the defendant.

The question raised by the pleadings is the sufficiency of the
plea in abatement. The Revised Statutes, chapter 86, § 5,
provides that when a foreign corporation is summoned as trustee,
the suit shall be brought and the writ made returnable in a
county where the corporation "has an established or usual place
of business, held its last annual meeting or usually holds its
meetings." The Statute prescribes in what county the writ shall
be returned, if returned elsewhere it is abatable. *Greenwood* v.
*Fales and Tr.* 6 Greenleaf 405 ; *Scudder* v. *Davis, and al. and
Tr.* 33 Maine, 576 ; *Jacobs and another* v. *Mellen and Tr.* 14
Mass. 133.

The plea is proper in form, free from duplicity, contains but
one matter sufficient to answer plaintiff's writ, being to the
jurisdiction, shows what court has jurisdiction and contains the
proper affidavit. *Hooper, Jr.* v. *Jellison and Tr.* 22 Pick. 250 ;
*Atwood* v. *Higgins*, 76 Maine, 423.

By demurring plaintiff admits the statement in the plea that
trustee has no residence as defined in chapter 86, § 5, R. S., in
York county. The plea is filed by the proper party. Any
defendant may file a plea in abatement in such suits. *Scudder*
v. *Davis and Tr.* 33 Maine, 576 ; *Mansur* v. *Coffin and Tr.*
54 Maine, 314.

HASKELL, J. The writ describes the plaintiff and defendant
to be residents of York county where the writ is returnable, and
the only trustee as a corporation doing business by its agents in
York and Cumberland counties respectively.

The defendant seasonably interposed a plea in abatement of
the writ, because the only trustee, at the time of the service of

the writ upon its alleged agent, was not a resident of the county of York, but was then a resident of the county of Cumberland.

Pleas in abatement must be certain to every intent. *Bellamy* v. *Oliver*, 65 Maine, 108; *Getchell* v. *Boyd*, 44 Maine, 482; *Tweed* v. *Libbey*, 37 Maine, 49; *Adams* v. *Hodsdon*, 33 Maine, 225; *Burnham* v. *Howard*, 31 Maine, 569.

Revised Statutes, chapter 86, section 5, provides that "if all the trustees live in the same county, the action shall be brought there. An action not so brought is . abatable," *Scudder* v. *Davis*, 33 Maine, 576, even though plaintiff discontinues as to trustee upon the entry of the action in court. *Greenwood* v. *Fales*, 6 Maine, 405. "When a court once acquires jurisdiction over a cause, it cannot be devested of it by a change in residence of any of the parties." *Dorr* v. *Davis*, 76 Maine, 301.

The plea interposed does not aver that the only trustee was not a resident of York county when the action was "brought.' For all that is said in the plea, the trustee may have resided in York county when the action was brought, and removed before the writ was served; and in such case the action would not be abatable for that cause. An action is brought when the writ is sued out with an intention of service. R. S., c. 81, § 95. *Johnson* v. *Farwell*, 7 Maine, 370; *Haskell* v. *Brewer*, 11 Maine, 258. The date of a writ is presumed to be the time when the action is brought. *Johnson* v. *Smith*, 2 Burr. 950; *Bronson* v. *Earl*, 17 Johns. 65; *Johnson* v. *Farwell, supra*. "A writ may be considered as purchased at any moment of the day of its date which will most accord with the truth and justice of the case.' *Badger* v. *Phinney*, 15 Mass. 359; *O'Neil* v. *Bailey*, 68 Maine, 429.

*Exceptions and demurrer sustained.*
*Plea adjudged bad. Defendant*
*to answer over.*

Peters, C. J., Walton, Virgin, Libbey, Emery and Foster, JJ., concurred.