# SANTA FE CENTRAL RAILWAY COMPANY *v.* FRIDAY.

## ERROR TO THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 230. Submitted March 5, 1914.—Decided March 23, 1914.

A statute of a Territory cannot withdraw from the courts established by the United States authority expressly conferred upon them by Congress by the Organic Act and other statutes. *The City of Panama,* 101 U. S. 453.

. The District Court of the United States for New Mexico has jurisdiction of a case arising under the Employers' Liability Act of 1906.

This court will not decide against the local understanding as expressed by the decisions of the Supreme Court of a Territory in construing a jurisdictional statute affecting a matter of local concern unless those decisions are clearly wrong. *Phœnix Ry. Co.* v. *Landis,* 231 U. S. 578.

16 New Mex. 434, affirmed.

THE facts, which involve the jurisdiction of the courts of a Territory of the United States over actions brought under the Employers' Liability Act of 1906, are stated in the opinion.

*Mr. E. W. Dobson* for plaintiffs in error:

The Organic Act, the acts of Congress and the legislative acts must all be considered and construed in determining the question. See § 10 Organic Act of September 30, 1850; § 880, Comp. Laws New Mex. 1897, passed January 3, 1852; § 1040 *Id.,* passed July 12, 1851; § 900 *Id.,* passed September 22, 1846; § 901 *Id.,* passed January 26, 1859; § 904 *Id.;* § 905 *Id.,* passed January 20, 1859; § 2950 *Id.,* passed January 7, 1876; Kearny Code, September 22, 1846, § 18; §§ 1874, 1910, Rev. Stats. U. S., passed June 14, 1858.

There are, therefore, provisions for District Courts of

the Territory and District Courts for each of the various counties and a territorial law giving the District Courts in the counties exclusive original jurisdiction in all civil actions and fixing the forum where they must be brought or commenced.

The courts in the various counties having been established by territorial legislation previous to the enactment of § 1874, Rev. Stat., or which were by law established subsequent to that time, in the counties of the Territory for the trial of all civil causes, except those in which the United States was a party, the jurisdiction of the so-called United States District Courts existing previous to the enactment of said § 1874, vested in and passed to the District Courts of the various counties, and out of the so-called United States courts, except in causes where the United States is a party. *Schofield* v. *Stephens,* 7 New Mex. 619.

Congress did not define the jurisdiction of the District Courts except as Federal courts, but as courts of the Territory they have such jurisdiction as the territorial legislature might prescribe. The territorial legislature provided that the District Courts should have original jurisdiction in all cases, civil and criminal, in which the jurisdiction is not especially delegated to some other court.

While the Employers' Liability Act was created by Congress and has now been held to be valid so far as the Territories are concerned, it is different from the Anti-Trust Law, the Meat Inspection Law, the Pure Food Law, the Interstate Commerce Laws and the Safety Appliance Law, because under the acts relative to the above subjects the power is given the United States to bring suits for the purpose of regulating the same, and they would be considered as arising under the Constitution and laws of the United States and in which the United States is a party.

See *Hornbuckle* v. *Toombs,* 18 Wall. 648, for difference between jurisdiction under § 1868 and § 1910; *Clough* v.

*Curtis,* 131 U. S. 361; *McAllister* v. *United States,* 141 U. S. 174.

The territorial judicial District Courts exercising Federal jurisdiction sit at one place in the district under a Federal law and their business is kept separate from the business transacted in the District Courts held in the county. *Thiede* v. *Utah Territory,* 15, U. S. 570; *Simms* v. *Simms,* 175 U. S. 162; *Ferris* v. *Higley,* 20 Wall. 375; *Benner* v. *Porter,* 9 How. 125; *Mining Co.* v. *District Court,* 7 New Mex. 486.

As to the Employers' Liability Act, approved June 11, 1906, and the act of April 22, 1908, the latter did not give any life or validity to the act already declared void by the highest judicial tribunal. Congress did not reënact the statute, but only provided that this act "shall not affect any pending action." The act of 1906 was then void and of no effect.

The act of 1908 was prospective and not retroactive. *Winfree* v. *Nor. Pac. Ry. Co.,* 164 Fed. Rep. 898; Thornton on Employers' Liability, § 109b; *Osborn* v. *Detroit,* 32 Fed. Rep. 36; *Eastman* v. *County of Clackamas,* 32 Fed. Rep. 24; *Humboldt Co.* v. *Christopherson,* 73 Fed. Rep. 239; *Wright* v. *Southern Ry. Co.,* 80 Fed. Rep. 260; *Plummer* v. *Northern Pac. Ry.,* 152 Fed. Rep. 206; *Hall* v. *Chicago &c. Ry. Co.,* 149 Fed. Rep. 564. *El Paso &c. Ry. Co.* v. *Gutierrez,* 215 U. S. 87, distinguished as merely holding that the Employers' Liability Act so far as it applied to the District of Columbia and the Territories is valid.

*Mr. T. B. Catron,* with whom *Mr. George W. Prichard* was on the brief, for defendant in error:

This suit was brought under the Employers' Liability Act of Congress approved June 11, 1906, and as a pending case was prosecuted to a final judgment after the passage of the act of Congress approved April 22, 1908.

Suit was brought in the First Judicial District Court, or in other words, in the territorial or Federal court as distinguished from the County District Court, because the act under which it was brought was a Federal act.

That court was the proper court in which to bring the suit under § 1910, Rev. Stat., and other United States statutes and decisions thereunder.

In the District or Federal Courts of the Territories is vested the same jurisdiction as is vested in the Circuit and District Courts of the United States "in all cases arising under the Constitution and laws of the United States." *Reynolds* v. *United States,* 98 U. S. 154; *Insurance Co.* v. *Canter,* 1 Pet. 511; *Benners* v. *Porter,* 9 How. 235; *Clinton* v. *Englebucht,* 13 Wall. 434; *N. P. R. R. Co.* v. *Carland,* 3 Pac. Rep. 134; *Hughes* v. *N. P. R. R. Co.,* 18 Fed. Rep. 106; *Murphy* v. *Murphy,* 85 N. W. Rep. 806; *Chouteau* v. *Rice,* 1 Minnesota, 192; *United States* v. *Jones,* 5 Utah, 556; *Johnson* v. *United States,* 6 Utah, 403; *United States* v. *Haskers,* 3 Sawyer (U. S.), 262; *United States* v. *Pridgeon,* 153 U. S. 48; *Berry* v. *United States,* 3 Colorado, 186; *Clough* v. *Curtis,* 131 U. S. 361; *McAllister* v. *United States,* 141 U. S. 174.

For cases upholding the jurisdiction of the Federal, or Judicial District Courts of the Territories, to try causes arising under the laws of the United States where the United States is not a party, both before and since the passage of § 1874, Rev. Stat., see *American Ins. Co.* v. *Canter,* 1 Pet. 511; *Benner* v. *Porter,* 9 How. 265; *City of Panama* v. *Phelps,* 101 U. S. 453.

For instances in which such jurisdiction has been exercised by the territorial District Courts under such acts, see *The Cutler* v. *The Columbia,* 1 Oregon, 101; *Price* v. *Frankel,* 1 Wash. Terr. 43; *Meigs* v. *The Northerner,* 1 Wash. Terr. 91; *Griwn* v. *Nichols,* 1 Wash. Terr. 375.

It is immaterial who the parties are, whether both the plaintiff and defendants are individuals, or whether one

or both are corporations, or whether the United States is a party, the rule is the same so long as the suit arises under an act of Congress.

Sections 880, 900, 901, 905, 1040 and 2950, Compiled Laws of 1897 of this Territory have no application to the case at bar. The territorial legislature has no power to restrain or control the Judicial District Court or Federal court in the exercise of their power and jurisdiction in any case arising under the laws of the United States. *United States* v. *Jones*, 5 Utah, 553.

*Schofield* v. *Stephens*, 7 New Mex. 819, distinguished, and see Thornton on Employers' Liability, p. 132.

The proceedings in the trial court were regular and the final judgment thereunder is valid. *Winfree* v. *Nor. Pac. Ry. Co.*, 164 Fed. Rep. 698, distinguished, and see *El Paso &c. Ry. Co.* v. *Gutierrez*, 215 U. S. 87.

No inchoate rights arising under the act of 1906 in the Territory of New Mexico have been destroyed by any subsequent legislation.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for personal injuries brought by the defendant in error against the Railway Company under the act of June 11, 1906, c. 3073, 34 Stat. 232, held valid for the Territories in *El Paso & Northeastern Ry. Co.* v. *Gutierrez*, 215 U. S. 87. The plaintiff got a verdict and judgment which the Supreme Court of the Territory affirmed. 16 New Mex. 434.

The only argument addressed to us is an attack upon the jurisdiction of the court that tried the case. That court was the District Court sitting for the trial of causes arising under the Constitution and laws of the United States in the First Judicial District in the Territory of New Mexico. The Organic Act of September 9, 1850, c. 49, 9 Stat. 446, provided in § 10 for three judicial districts, and for a District Court to be held in each by a Jus-

tice of the Supreme Court as should be prescribed by law. It further enacted that the jurisdiction of the several courts therein provided for "shall be as limited by law"; that "each of the said District Courts shall have and exercise the same jurisdiction in all cases arising under the Constitution and laws of the United States as is vested in the Circuit and District Courts of the United States;" and that the first six days of every term or so much of them as necessary "shall be appropriated to the trial of causes arising under the said Constitution and laws." See also Rev. Stat., § 1910. The court where the trial was held was one of these District Courts provided for by the Organic Act and the case was one arising under the laws of the United States.

But it is said that the jurisdiction of these courts was to be 'as limited by law,' that that means by territorial legislation, and that a territorial statute provided for the holding of District Courts in the counties, and enacted that the District Courts in the counties should have "exclusive original jurisdiction in all civil cases which shall not be cognizable before probate judges and justices of the peace." Compiled Laws, 1897, § 900. By a later territorial act the District Courts in the various counties were given 'jurisdiction in all civil causes in said counties which according to law belong to the District Courts,' *id.*, § 901. And this was in pursuance not only of the Organic Act but of another act of Congress of June 14, 1858, c. 166, 11 Stat. 366, afterwards Rev. Stat., § 1874, by which the judges of the Supreme Court were "authorized to hold court within their respective districts, in the counties wherein, by the laws of the Territory, courts have been or may be established, for the purpose of hearing and determining all matters and causes, except those in which the United States is a party." Thus, it is argued, exclusive jurisdiction of cases like the present was transferred to the County District Courts.

But it has been held for many years that the purpose and effect of these statutes was to give the judges of the Supreme Court sitting in the County District Courts authority to hear cases arising under territorial laws, and to make the jurisdiction over such cases exclusive in those courts. *Lincoln-Lucky & Lee Mining Co.* v. *District Court,* 7 New Mex. 486, 499–501. *Murphy* v. *Murphy,* 25 N. W. Rep. 806. The statutes, we believe, have not been understood to attempt to withdraw from the courts of the larger districts the authority expressly conferred upon them by the Revised Statutes and the Organic Act, a thing that of course territorial statutes could not do. See *The City of Panama,* 101 U. S. 453. We should not decide against the local understanding of a matter of purely local concern unless we thought it clearly wrong, instead of thinking it, as we do, plainly right. *Phœnix Ry. Co.* v. *Landis,* 231 U. S. 578, 579.

*Judgment affirmed.*