## DE VILLANUEVA *v.* VILLANUEVA.

### APPEAL FROM THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 65. Argued November 9, 1915.—Decided December 6, 1915.

The court has jurisdiction to review the judgment of the Supreme Court of the Philippine Islands in an action for divorce, where the affidavits supporting the appeal show, without contradiction, that the value of the community property involved is of the jurisdictional amount. *De la Rama* v. *De la Rama*, 201 U. S. 303.

Even where this court may review findings of fact, as in appeals from the Supreme Court of the Philippine Islands in cases involving the statutory amount in controversy, it will not reverse findings when made by both courts below in the absence of conviction of clear error.

In appeals from the territorial courts this court follows and sustains the application of the local law to the facts as made by the courts below, unless constrained to the contrary by a sense of clear error committed.

A judgment of the Supreme Court of the Philippine Islands, affirming the court of first instance in rejecting complainant's demand for divorce, affirmed by this court in the absence of conviction of clear error of the courts below either in the findings of fact or the application of the local law to the facts as found.

THE facts which involve the jurisdiction of this court of appeals from the Supreme Court of the Philippine Islands and the validity of a judgment of that court rejecting the demand of a wife for divorce from her husband, are stated in the opinion.

*Mr. C. W. O'Brien* for appellant.

*Mr. Howard Thayer Kingsbury*, with whom *Mr. Frederic R. Coudert* was on the brief, for appellee.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The decree which the appellant seeks to reverse affirmed one rendered by the court of first instance rejecting her demand for a divorce from her husband and for a liquidation and partition of the property belonging to the legal community which existed between them. At the outset we say that we think there is no foundation for the suggestion that we are without jurisdiction because of the inadequacy of the amount involved, since the complaint by which the suit was begun alleged the existence of such an amount of community property as to give jurisdiction, and because the affidavit filed for the purpose of the appeal also so establishes, there being no countervailing affidavit and nothing in the record to demonstrate to the contrary. *De la Rama* v. *De la Rama*, 201 U. S. 303.

The complaint for divorce and liquidation of the community as it was finally amended, which was filed in 1910, alleged the marriage of the parties in 1867 and the birth of ten children, nine of whom were alive and of age and one of whom was dead leaving surviving issue. As a basis for the divorce prayed various acts of adultery by the defendant were charged extending over a period of forty-two years, that is, from 1868, shortly after the marriage, until the bringing of the suit in 1910. The acts thus charged embraced six periods: the first, from 1868 until the filing of the suit with a named person, from which relation it was alleged there had been begotten five children, four of whom were alive and bore their father's surname; the second, with another named person during 1889 and 1890, from which relation there was begotten a daughter who likewise bore her father's surname; the third, with a named person during the year 1891; the fourth, with a named person from 1892 until the time the

suit was commenced, from which relation it was alleged children also were begotten; the fifth, with a named person during the years 1901 and 1902; and the sixth, with a named person during the years 1903 and 1904. The answer set up a general denial, a special defense that if the acts of adultery alleged were found to have been committed, they were done with the knowledge of the complainant who had condoned them, and moreover that the action was prescribed.

After full hearing the court of first instance found that the defendant had been guilty of adultery with the person named in the complaint in the first period during the years from 1868 until 1900, but that there was no proof of any such adultery having been committed by him with the person named for the ten years preceding the suit, that is, from 1900 to 1910. The court also found that it was established that the defendant had adulterous relations with the person named during the second period, that is, from 1889 to 1890, and that from such relations, as alleged, a daughter named Maria was begotten, but that the relations had ceased years before the bringing of the suit since the woman named had died long before at a period fixed approximately as the time of the beginning of the American occupation of the islands. The court also found that it had been proved that acts of adultery had been committed with the person named during the fourth period, that is, in 1892 and some time thereafter, but it also affirmatively found that all relations between the defendant and the person named in this period had ceased prior to 1900. It was moreover expressly found that there was no proof whatever offered concerning any of the other acts of adultery charged in the complaint.

Concerning the first period the court found that the proof left no doubt that the complainant at an early date became aware of the adulterous relations to which that

period related and although she did so, continued her marital relations with her husband and had condoned his infidelity. Indeed, it was found that forgiveness by the wife was clearly established from the fact that during the ten years which had elapsed before the bringing of the suit and after the illicit relations had ceased, the children begotten of such relation were brought into the household with the consent of the wife and lived as part of the common family. Applying the law to this condition it was held that the condonement or forgiveness was a complete bar to the suit based upon the acts which had been thus forgiven. So far as concerned the acts of infidelity committed during the second and fourth periods as stated, although it was found that there was no direct proof that the complainant knew of such wrongs when committed, nevertheless it was held that there was no ground for awarding relief because of such acts irrespective of the question of forgiveness or condonement resulting from the long continuance of the marital relations after such acts had been committed, for the reason that the complainant had expressly declared in testifying that she solely asked relief because of the acts embraced in the first period and none other—a situation which, it was held, brought the case directly within the control of Laws 1 and 2, title 9, Partida 4, expressly confining the right to complain of adultery by one of the parties to a marriage to the injured party. And this conclusion was sustained by pointing out that although the complaint for divorce had been sworn to by the complainant, she had in her testimony admitted that she knew nothing of the particular acts embraced in the periods in question and intended only to sue for those described in the first period, thus as to such other acts giving rise to the implication that their averment was the result of the instigation of some person not authorized to act, probably impelled by some interest direct or indirect in the liquidation of

the community property which would follow if the prayer of the complainant had been granted.

In a careful opinion the court below, reviewing the action of the court of first instance, adopted and reaffirmed in every substantial particular the facts found by that court and also agreed with the legal conclusions which the court had applied to the facts by it found. In applying the law to the facts it was pointed out that the controlling law was to be found not in the civil code, but in the Partidas, and it was held that as by provisions of the Partidas which were cited it was expressly provided that condonement or forgiveness of acts of adultery excluded the subsequent right to relief based upon the fact that they had been committed, it followed from the conclusive proof of forgiveness resulting from the facts found that no error had been committed in rejecting the demand for a divorce. In stating the reasons which led it to this conclusion the mind of the court was principally directed to the acts of infidelity found to have been committed during the first period and the acts by which forgiveness as to them had been indubitably established. But the court, considering the facts found as to the other two periods, without deciding that such acts of infidelity had not been condoned, expressly held that the necessary result of the provisions of the Partidas which had been applied by the lower court exclusively confining the right to relief for acts of infidelity to the injured spouse, plainly justified the court of first instance in its ruling that the disclaimer of all right to relief as to any acts but those which the complaint alleged were committed during the first period excluded all right to recover for any but those acts to which the controversy thus became confined.

The first two of the nine assignments of error question the finding and ruling of the court concerning the acts committed during the first period and their condonement or forgiveness. The third and fourth assail the correct-

ness of the conclusion concerning the second and fourth periods and the ruling of the court relating to them based on the disclaimer made by the complainant in her testimony of any right to relief on account of them; and as cognate to this subject, the fifth complains of the action of the court in analyzing the motives which prompted the inclusion in the suit of causes upon which the complainant asserted she did not rely for relief for the purpose of bringing the case within the rule laid down in Laws 1 and 2, title 9, Partida 4, which both courts applied. The remainder in general terms but assert error committed in the findings and in the law which was applied to them in deciding the cause.

Although the arguments pressed at bar to sustain these assignments apparently enlarge them, in substance they add nothing to them but simply reiterate in changed and more minute forms of statement the grounds of error asserted in the assignments. Under these conditions it is apparent that all the errors relied upon, whether embraced in the assignments or pressed in the argument, considered in their essence only dispute the correctness of the facts found by both the courts below and but challenge the accuracy of the principles of the local law which were applied to the facts for the purpose of deciding the cause. Under these circumstances, without noticing more in detail either the assignments or the arguments supporting them, we content ourselves with saying that we are of the opinion after examining and weighing them all, that they are without merit for the following reasons: (a) Because in so far as they dispute the concurrent findings of fact of both the courts below they entirely fail to give rise to that conviction of clear error which must be entertained in order to authorize a reversal of the findings, *Texas & Pacific Ry.* v. *Louisiana R. R. Commission,* 232 U. S. 338; *Gilson* v. *United States,* 234 U. S. 380, 383–384; and (b) Because in so far as they challenge the correctness of the

application which the courts made of the local law to the facts in deciding the cause, they are totally deficient in that persuasive strength which it is essential they should possess in order to produce the conviction that clear error was committed by the court below, and thus lead us to depart from the principle by which we follow and sustain the local law as applied by the court below unless we are constrained to the contrary by a sense of clear error committed. *Ker* v. *Couden*, 223 U. S. 268, 279; *Santa Fe Ry.* v. *Friday*, 232 U. S. 694, 700; *Nadal* v. *May*, 233 U. S. 447.

*Affirmed.*