DOMENECH v. VERGES.

No. 2857.

Circuit Court of Appeals, First Circuit.
Feb. 16, 1934.

William Cattron Rigby, Fred W. Llewellyn, and Arthur W. Brown, all of Washington, D. C., and Benjamin J. Horton, of San Juan, Puerto Rico, for appellant.

F. H. Dexter, Emilio M. Vassallo, and Mariano Acosta Velarde, all of San Juan, Puerto Rico, for appellee.

Before WILSON and MORTON, Circuit Judges, and MORRIS, District Judge.

WILSON, Circuit Judge.

This is an appeal from the Federal District Court of Puerto Rico in an action brought by the appellee to recover a sum alleged by her to have been wrongfully collected from her as income taxes for the years 1927 and 1928.

The appellee is a resident of Massachusetts, and the amount involved is $19,468.69, with interest from April 24, 1931.

The case was heard by the District Judge, a jury being waived. The case was decided on the pleadings and an agreed statement of facts. Judgment was awarded to the plaintiff-appellee in the above amount and an appeal was allowed by the court. No exceptions were taken to any of the specific findings of the District Court or to the award of judgment.

The appellant assigned as errors the following:

"1. The court erred in entertaining jurisdiction in this case, notwithstanding the fact that more than one year had elapsed since the taxes were paid under protest, April 24, 1931, to the date that the defendant was summoned to appear before this court to answer the complaint, to wit, the ninth day of May 1932.

"2. The court also erred in assuming jurisdiction of this case, when the term of 30 days given by the Income Tax Law of Puerto Rico, Act No. 74, approved August 6, 1925, for bringing an action for the purpose of recovering income taxes paid under protest, had also fully expired.

"3. The court also erred in not holding that the action of the plaintiff to recover the taxes claimed in said complaint had prescribed in the date in which defendant was sued.

"4. The court also erred in entertaining jurisdiction of this case, notwithstanding the fact that plaintiff failed to file with the Treasurer of Puerto Rico and on appeal to the Board of Review and Equalization a petition for reimbursement before filing the complaint herein, as required by section 75 of Income Tax Law of Puerto Rico, Act No. 74, 1925." (The appellant here inadvertently referred to section 75 instead of section 76 of the Income Tax Act of 1924, being Act No. 74 approved August 6, 1925.)

The appellant contends that an action to recover income taxes claimed to have been illegally issued and paid under protest in Puerto Rico must be brought under section 76 of the Puerto Rican Tax Act of 1924, which requires bringing the action within 30 days of the payment, and further contends that subparagraph (b) of said section requires, after the payment of a tax under protest, a

claim for refund or credit to be filed with the Treasurer of Puerto Rico and the Board of Equalization, otherwise the courts have no jurisdiction to entertain such an action.

Subparagraph (b) of section 76 was clearly taken, with slight changes, to conform to the local officials in Puerto Rico from section 1014 (a) of the Revenue Act of 1924 (26 USCA § 156), and should be construed with that fact in mind.

■ By the caption inserted in the act just prior to section 76, this section was clearly intended by the Legislature to be a limitation upon suits in proceedings by the taxpayer, and was not intended to be jurisdictional. There is no question, we think, but that the Federal District Court of Puerto Rico, where there is diversity of citizenship and the jurisdictional amount concerned, has jurisdiction apart from the Income Tax Act of 1924 over suits to recover taxes illegally assessed and collected. It is to be noted that subparagraph (b) of section 76 does not say that the courts lack jurisdiction to entertain such an action, if a claim for refund or credit is not made after payment, but that an action cannot be "maintained." We think the condition contained in subparagraph (b), like the time limitation of such actions, must be pleaded in defense and may be waived by the defendant. Hendy v. Soule, Fed. Cas. No. 6,359. The appellant, not having raised this issue in the court below, must be held to have waived the provisions of section 76 (b), if such a condition now exists, and takes nothing by his fourth assignment of error. Ortiz De Rodriguez v. Vivoni, 201 U. S. 371, 26 S. Ct. 475, 50 L. Ed. 792.

The only issue left by the other assignments of error is whether the statute of limitations is a bar to these proceedings. Counsel rely on section 76 (a) of the Income Tax Act of 1924, which required a suit to recover a tax paid under protest to be brought within 30 days after payment, and on the general law that a suit is not brought, when the bar of the statute of limitations is involved, until, at least, a summons is issued for service.

The taxes for both 1927 and 1928 were paid under protest on April 24, 1931. A complaint to recover the sums so paid was filed May 23, 1931. The summons for service on the Treasurer was not issued until May 7, 1932, and was served on May 9, 1932.

■ The defendant pleaded the statute of limitations. No exceptions having been taken in the trial court, and no bill of exceptions being filed in this court, the appellant is confined to such errors as appear upon the pleadings and the stipulation of facts. United States v. La Franca, 282 U. S. 568, 570, 51 S. Ct. 278, 75 L. Ed. 551; Barton v. Automobile Ins. Co. (C. C. A.) 63 F.(2d) 631; Porto Rico v. Emmanuel, 235 U. S. 251, 255, 35 S. Ct. 33, 59 L. Ed. 215.

It is clear that Act No. 8 approved April 19, 1927, which by its title was enacted to establish a procedure for the collection and "return" of taxes paid under protest, and repeals all laws in conflict therewith, if it applies to income taxes, is in conflict with section 76 of the Income Tax Law of 1924. By section 3 of Act No. 8, it was provided that a taxpayer who has paid a tax under protest may sue the Treasurer of Puerto Rico within one year from the date of payment, either in an insular court or in the District Court of the United States for Puerto Rico.

■■ It is contended by counsel for the appellant that Act No. 8 of the Laws of 1927, providing for the recovery of taxes paid under protest, does not apply to the recovery of income taxes paid under protest; that it was a substitution for a general law enacted prior to the imposition of income taxes; and that, while it expressly repealed Act No. 9 approved June 23, 1924, and also Act No. 84 approved August 20, 1925, which acts provided generally for the recovery of taxes paid under protest, since it did not expressly refer to the Income Tax Act of 1924 approved August 6, 1925, in its repealing section, it should not be construed as repealing or modifying section 76 (a) or (b) of that act relating to the recovery of income taxes paid under protest, though it repealed all conflicting laws or parts of laws.

The Supreme Court of Puerto Rico, however, in the case of American Colonial Bank of Porto Rico v. Juan G. Gallardo, 43 D. P. R. 889 (Spanish Edition), decided July 26, 1932, and in the case of F. Soto Gras v. Domenech, Treasurer, in an opinion handed down December 20, 1933, on a motion for reconsideration, has held that the method of procedure provided for the recovery in section 76 of the Income Tax Act of 1924 of income taxes paid under protest, was repealed by Act No. 8 of the Laws of 1927.

The interpretations of local law by the Supreme Court of Puerto Rico, unless clearly wrong, are followed by this court. The insular court is in a better position to interpret the intent of the local legislature than this court, and we are inclined to follow its construction in this instance, De Villanueva v.

Villanueva, 239 U. S. 293, 298, 299, 36 S. Ct. 109, 60 L. Ed. 293; Cardona v. Quinones, 240 U. S. 83, 88, 36 S. Ct. 346, 60 L. Ed. 538; though we think Act No. 8 of the Laws of 1927 may be susceptible of another reasonable interpretation.

While under Act No. 8 of the Laws of 1927 the taxpayer has a year from the date of payment in which to begin his action to recover a tax paid under protest, the appellant still contends that, even so, the suit in this instance was not begun within the period, since the summons was not issued and served within one year from the date of payment, which counsel claims is essential in order to bring such a suit within the limitation period.

This contention involves two questions: (1) Whether under the Conformity Act, section 914, R. S. (28 USCA § 724) the Federal District Court of Puerto Rico will follow the Code of Civil Procedure of Puerto Rico in relation to the filing of a complaint and the issuance of a summons; and (2) whether in any event in order to avoid the statute of limitations as a bar, not only a complaint must be filed, but a summons must issue within the limitation period with intent to serve.

■ It was settled in Fernandez y Perez v. Perez y Fernandez, 202 U. S. 80, 26 S. Ct. 561, 50 L. Ed. 942, that the federal courts under the Conformity Act will follow local practice and statutes as to pleadings, forms, and modes of proceedings in Puerto Rico in law actions.

Section 87 of the Puerto Rican Code of Civil Procedure provides that an action is commenced when a complaint in a law action is filed. Under section 88 of the Code the secretary must endorse on the complaint the day, month and year in which it is filed, but the plaintiff at any time within a year may have a summons issued and served.

Cases involving equity suits, of course, have no application, or actions at law under different state statutes, or cases involving jurisdiction of the parties. In many states the statute of limitations is not tolled until the complaint or writ in a law action is filed and a summons placed in the hands of an officer for service, as the suit is held not to have been begun until a summons is issued for service and within a reasonable time. Johns' Estate, 253 Pa. 532, 98 A. 719; New York, N. H. & H. Railroad v. Pascucci (C. C. A.) 46 F.(2d) 969. In some states, however, the action is held to have been brought and will toll the statute when a writ is made out with a bona fide intention of service.

Biddeford Savings Bank v. Mosher, 79 Me. 242, 9 A. 614.

In most, if not all, of the Code states, however, with provisions similar to those of Puerto Rico, the filing of the complaint is held to be the commencement of an action and the statute is tolled as of the date of filing if service follows within a reasonable time, or as provided by the Code. Nash v. El Dorado County (C. C.) 24 F. 252; Horn v. Pope, 205 Ala. 127, 87 So. 161 (in which case service was made after the period of limitation); Farmers' Oil & Mfg. Co. v. Melton & Stuart, 159 Ala. 469, 49 So. 225; South Missouri Lumber Co. v. Wright, 114 Mo. 326, 21 S. W. 811; Clark v. Oregon Short Line R. R. Co., 38 Mont. 177, 99 P. 298; McGrath et al., pro ami, v. St. Louis, Kansas City & Colorado R. R. Co., 128 Mo. 1, 30 S. W. 329 (in which case summons was issued and service was made after limitation period); In re Connaway, Receiver of Moscow National Bank, 178 U. S. 421, 428, 20 S. Ct. 951, 44 L. Ed. 1134.

It is urged, since the tax acts of Puerto Rico above referred to provide that an action shall be *brought* or the Treasurer shall be *sued* within the time prescribed, that there is a distinction between the commencement of the action and the bringing of a suit. The Supreme Court, however, in Goldenberg v. Murphy, 108 U. S. 162, 2 S. Ct. 388, 389, 27 L. Ed. 686, says: "A suit is brought when in law it is commenced, and we see no significance in the fact that in the legislation of congress on the subject of limitations the word 'commenced' is sometimes used, and at other times the word 'brought.' In this connection the two words evidently mean the same thing, and are used interchangeably." Also see United States v. Northern Finance Corporation (C. C. A.) 16 F.(2d) 998.

■ The Code of Civil Procedure of Puerto Rico having provided that an action is commenced by the filing of the complaint in court, this action must be considered as begun, or brought, on May 23, 1931, which was within 30 days of the date of payment. The statutes of Puerto Rico having provided that a summons may issue at any time within a year after filing of the complaint, the issuing of the summons on May 7, 1932, and its service on May 9, 1932, being a compliance with section 88 of the Civil Code of Procedure, the statute was tolled as of May 23, 1931. The result, therefore, is the same, whether section 76 of the Income Tax Act of 1924, or Act No. 8 of the Laws of 1927 applies, since the suit was begun under the Puerto Rican Code of

Civil Procedure within 30 days of the date of payment and within the limitation prescribed both in the Income Tax Act of 1924 and Act No. 8 of the Laws of 1927. Horn v. Pope, supra; McGrath et al., pro ami, v. St. Louis, Kansas City & Colorado R. R. Co., supra; Allen v. Marshall, 34 Cal. 165; Needham v. Salt Lake City, 7 Utah, 319, 26 P. 920.

The judgment of the District Court is affirmed, with interest and costs of this court.