## MATOS *v.* ALONSO HERMANOS ET AL.

No. 227. Argued March 2, 1937.—Decided March 29, 1937.

---

*Mr. Nelson Gammans* argued the cause, and *Messrs. Gabriel I. Lewis, Oscar B. Frazer,* and *Heriberto Torres Sola* filed a brief, for petitioner.

*Mr. Francis H. Dexter* for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Two sections of the Revised Civil Code of Puerto Rico follow:

"1397. Animals and cattle suffering from contagious diseases shall not be the object of a contract of sale. Any contract made with regard to the same shall be void. A contract of sale of cattle and animals shall also be void, when the use or service for which they are acquired being stated, they are found to be useless therefor."

"1399. The redhibitory action, based on the vices or defects of animals, must be instituted within forty days, counted from their delivery to the vendee, unless, by reason of the customs in each locality, longer or shorter periods are established. This action in the sale of animals may only be enforced with regard to the vices and defects of the same, determined by law or by local customs."

Several sections of the Island's Penal Code interdict sale or possession of animals suffering from a contagious disease.

A complaint filed by respondents, Alonso Hermanos, et al., in the District Court of San Juan, December 12, 1929, alleged that they purchased March 1, 1929, from petitioner, Jose Matos, a herd of cattle—122 head—for the lump sum of $18,000.00; although apparently in good condition the cattle were suffering from tuberculosis, a contagious disease; prior to December 6th forty-three had died, twenty-nine were condemned and destroyed by the Health Department. They further declared readiness to

return all surviving cattle and prayed that the sale be declared null and void, in accordance with § 1397 of the Civil Code, also for judgment for the purchase price.

A demurrer invoking the limitation of forty days upon redhibitory actions, prescribed by Code § 1399, was overruled. An answer followed. This admitted execution of the contract, receipt of the consideration, death and condemnation of the cattle as alleged. But it affirmed that tuberculosis was contracted after the sale through improper care; also renewed the claim of prescription.

The trial court found the facts shown by the evidence; concluded the questioned contract was illegal and void, that the action was not subject to the prescription of forty days; and ordered return of the entire purchase price.

Upon appeal the Supreme Court of Puerto Rico ruled the sale contract was not void but voidable at the purchaser's election; its legal effect and the remedy for violation were within the Code provisions relating to redhibitory contracts; the limitation of forty days applied; "that Section 1397 does not exclude the transaction made in this case from the field of warranties." Also, the contract for the purchase of the herd was "individual" or "distributive"—not unitary; as to the dead cows the right to recover the purchase price was prescribed; as to those which survived no right of recovery ever existed. It accordingly reversed the judgment of the District Court and directed dismissal of the complaint.

The Circuit Court of Appeals held the contract of sale illegal—non-existent—as to cows which had died or were condemned; as to them the action was not redhibitory; the prescription of forty days had no application; and it reversed the questioned judgment. With respect to the surviving cows it adopted the interpretation of § 1397 approved by the Supreme Court. It said: "To sum-

marize: In the trial court the plaintiffs put their claim on the herd basis; they endeavored to rescind the entire transaction and get back the full consideration which had been paid; and they were held entitled to do so. On appeal the Supreme Court held that the sale could not be given this unitary character, but must be considered with respect to the individual animals,—and that view stands. In its decision that, as to the tuberculous cattle, a contract was entered into and the plaintiffs' rights were of redhibitory character and subject to the limitation of section 1399, the Supreme Court fell into error."

Accordingly the judgment of the Supreme Court was reversed and the cause remanded to the District Court with instructions to permit an amendment to the complaint. A dissenting opinion approved the Supreme Court's construction of the Code, also its judgment.

The matter is here by certiorari. Manifestly the solution of the controversy must turn upon the meaning and effect of the above quoted sections of the Civil Code—local law of Puerto Rico.

Considering the argument here, the divergent views below, the authorities cited, and "recognizing the deference due to the understanding of local courts upon matters of purely local concern," it becomes impossible for us to entertain "a sense of clear error committed" by the Supreme Court. Following the view so often approved, we think the Circuit Court of Appeals should have accepted and affirmed the ruling there announced after much consideration. *Nadal* v. *May,* 233 U. S. 447, 454; *De Villanueva* v. *Villanueva,* 239 U. S. 293, 299; *Diaz* v. *Gonzalez,* 261 U. S. 102, 105.

The judgment of the Circuit Court of Appeals must be reversed; the judgment of the Supreme Court is affirmed.

*Reversed.*