### YABUCOA SUGAR CO. v. SANCHO.

#### No. 3286.

Circuit Court of Appeals, First Circuit.

March 18, 1938.

Mariano Acosta Velarde, of San Juan, Puerto Rico, for appellant.

William C. Rigby, of Washington, D. C. (B. Fernandez Garcia, Atty. Gen., of Puerto Rico, and Nathan R. Margold, Sol., Dept. of Interior, of Washington, D. C., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an action against the treasurer of Puerto Rico to recover income and excess profits taxes paid under protest. At the time the action was brought in 1926, one Juan G. Gallardo was treasurer. The name of the present treasurer, Rafael Sancho Bonet, has since been substituted as defendant. The amounts claimed were for taxes assessed and paid for the years 1918 and 1920.

The original complaint was filed February 18, 1926. On March 9, 1934, more than eight years thereafter, the plaintiff filed an amended complaint on which judgment was rendered in the District Court of San Juan on October 20, 1934, for the plaintiff for $34,945.57, but without interest. The judgment of the District Court was affirmed by the Supreme Court of Puerto Rico on February 24, 1937.

On the appeal to the Supreme Court of Puerto Rico, the only issue raised by the assignments of error was as to the allowance of interest on the amount recovered. The plaintiff contends that under section 80 of Act No. 74, Laws of 1925, the allowance of interest was imperative, though this section reads that "interest *may be* allowed in any judgment of any court rendered after the passage of this Act * * * for any income or excess-profits tax, erroneously assessed or collected." (Italics supplied.)

The Supreme Court of Puerto Rico sustained the judgment of the District Court of San Juan on this point. The plaintiff has appealed to this court.

There has been some confusion in the court's interpretation of the statutes for the recovery of taxes illegally assessed and collected. At one time it was held that Act No. 84, approved August 20, 1925, and Act No. 8, approved April 19, 1927, superseded sections 76, 79, and 80 of Act No. 74, Laws of 1925, which was a special law relating to income and excess profits taxes. The first case in which the question as to which act applied to the collection of taxes

erroneously assessed and collected was American Colonial Bank of Porto Rico v. Juan G. Gallardo, Treasurer, 43 P.R.R. 889, in which it was held that section 76 of the income tax act of 1924 was repealed by Act No. 8, Laws of 1927. Under section 3 of the 1927 act, allowance of interest on refunds of taxes was imperative. Counsel for the plaintiff also cited F. Soto Gras v. Domenech, Treasurer, 45 P.R.R. 940, as following the decision in the American Colonial Bank Case; but, as counsel for the defendant points out, the case of F. Soto Gras v. Domenech, supra, does not follow the decision in the American Colonial Bank Case, but held Act No. 74, Laws of 1925, and Act No. 8, Laws of 1927, could both exist together.

Counsel for the plaintiff also contends that this court in the case of Domenech v. Verges, 1 Cir., 69 F.2d 714, followed the American Colonial Bank Case in holding that Act No. 8, Laws of 1927, repealed Act No. 74, Laws of 1925, but an examination of the opinion in the case of Domenech v. Verges, supra, discloses that this court merely held that, whether Act No. 74, Laws of 1925, or Act No. 8, Laws of 1927, applied, the action was begun in time; and it further added that, while it was customary for this court to follow the Supreme Court of Puerto Rico in the interpretation of its local laws, another interpretation of Act No. 8, Laws of 1927, was reasonable. It clearly did not hold that Act No. 74, Laws of 1925, was repealed by either Act No. 84, Laws of 1925, or by Act No. 8, Laws of 1927.

However, since the decision of the case of American Colonial Bank, the Supreme Court of Puerto Rico has again considered whether Act No. 8, Laws of 1927, supersedes sections 79 and 80 of Act No. 74, Laws of 1925. In Loiza Sugar Co. v. Domenech, Treasurer, 44 P.R.R. 550, Behn v. Domenech, Treasurer, 49 P.R.R. 808, and in Porto Rico Fertilizer Co. v. Domenech, Treasurer, 50 P.R.R. ——, which is now before this court on appeal, it was held that Act No. 8, Laws of 1927, which was a general statute, does not affect the provisions of the special Act No. 74, Laws of 1925, known as the income tax act.

We think this court is now warranted in following the later decision of the Supreme Court of Puerto Rico, and that sections 79 and 80 of Act No. 74, Laws of 1925, are still in force.

Sections 79 and 80 of Act No. 74, Laws of 1925, are substantially the same as sections 1019 and 1020 of the Federal Revenue Act of 1924. 43 Stat. 346, 26 U.S.C.A. § 1671 note; 28 U.S.C.A. § 284. While section 79 of Act No. 74 of the Puerto Rican statute, and section 1019 of the federal statute are both imperative as to the allowance of interest on refunds allowed by the treasurer, section 80 of Act No. 74 and section 1020 of the federal statute are permissive as to allowing interest in case of judgments. Counsel for the plaintiff appears to be in error that the following United States cases cited in its brief, in which interest was held to be mandatory, were brought under section 1020 of the Federal Revenue Act of 1924. The cases of Blair v. United States, 271 U.S. 348, 350, 46 S.Ct 506, 507, 70 L.Ed. 983, Girard Trust Co. v. United States, 270 U.S. 163, 167, 46 S.Ct. 229, 231, 70 L.Ed. 524, and Kingan & Co. v. United States, Ct.Cl., 44 F.2d 447, 451, were all cases under section 1019 of the federal statute, or a corresponding section of an earlier act, under which the allowance of interest on refunds is imperative.

The Supreme Court of Puerto Rico in the Loiza Sugar Co. Case, supra, not only treated Act No. 74, Laws of 1925, as unaffected by the later Acts No. 84, Laws of 1925, and Act No. 8, Laws of 1927, but also held that under section 80 of Act No. 74, allowance of interest in case of judgments for the recovery of income or excess profits taxes erroneously assessed and collected was not mandatory, but permissive; and in Behn v. Domenech, supra, it expressly followed its decision in the case of Loiza Sugar Co. v. Domenech, supra, as to the allowance of interest under section 80 of Act No. 74. The District Court of San Juan also followed the rule laid down in the case of Loiza Sugar Co. v. Domenech, supra, in the present case, in respect to the allowance of interest under section 80 of Act No. 74, and its ruling in this respect was sustained by the Supreme Court of Puerto Rico on appeal.

■ The Insular Courts are in a better position than this court to interpret the intent of the local Legislature. The rule that this court will follow the interpretation of local laws by the Supreme Court of Puerto Rico, unless clearly wrong, is so well settled that we think it should be followed in this case. Domenech v. Verges, supra, 69 F.2d 714, at page 716; Cardona v. Quinones,

240 U.S. 83, 88, 36 S.Ct. 346, 60 L.Ed. 538. It cannot be said that the interpretation of section 80 of Act No. 74, Laws of 1925, which is permissive in language, is clearly wrong. It does not appear that the Puerto Rican Supreme Court has ever held to the contrary.

The wisdom of leaving the allowance of interest to the discretion of the court in case of suit under section 80 of Act No. 74 is well illustrated in the present case. The suit was brought in 1926. Owing to the neglect of the plaintiff in amending its petition, it did not bring the case to trial until 1934, eight years afterward. Obviously, a plaintiff who was the cause of such a delay should not be entitled to have interest on his claim in the meantime. We think the refusal to allow interest in this case was within the sound discretion of the District Court.

The judgment of the Supreme Court of Puerto Rico is affirmed.