GOLDENBERG and Another *v.* MURPHY, Collector.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Decided March 26th, 1883.

*Customs Duties—Limitations.*

When a suit is brought in a State court, the laws of that State will control in interpreting the provision of a federal statute of limitations as to what is the commencement of suit.

Action to recover back duties alleged to have been illegally exacted. The whole question was whether the suit was begun in time, it being conceded that the plaintiffs had a good cause of action if not barred by the statute. The facts appear in the opinion of the court.

*Mr. S. G. Clarke* for the plaintiffs.
*Mr. Assistant Attorney-General Maury* for the defendant.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court. This was a suit to recover back duties on imports paid under protest, commenced in the Superior Court of the City of New

York, before the enactment of the Revised Statutes, and the only question presented by the writ of error. is, whether the suit was "brought within ninety days after the decision of the Secretary," as required by the act of June 30th, 1864, c. 171, sec. 14, 13 Stat. 215, then in force. The facts are, that the decision was made by the Secretary on the 28th of May, 1872, and it was agreed at the trial that the ninety days expired on the 26th of August. A summons in the case was made out in due form of law, bearing date August 21st, 1872, and efforts were made to serve it on the collector without the intervention of the sheriff, but failing in this, the summons was, on the 26th of August, delivered to and received by the sheriff of the county of New York, where the collector resided, with the intent that it should be actually served. Service was in fact made on the 27th.

The New York Code of Civil Procedure, sec. 99, is as follows:

"An action is commenced as to each defendant when the summons is served on him, or on a co-defendant, who is a joint contractor, or otherwise united in interest with him.

"An attempt to commence an action is deemed equivalent to the commencement thereof, within the meaning of this title, when the summons is delivered, with intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants, or one of them, usually or last resided."

A suit is brought when in law it is commenced, and we see no significance in the fact that in the legislation of Congress on the subject of limitations the word "commenced" is sometimes used, and at other times the word "brought." In this connection the two words evidently mean the same thing; and are used interchangeably. As this suit was begun in a State court of New York, the laws of that State must determine when it was brought, and as that is prescribed by statute, we have no need of inquiry as to the practice in other States, or the rules of the common law.

As it was conceded that under the decision of this court in *Arthur* v. *Lahey*, 96 U. S. 112, the importers were entitled to

a verdict if the suit was brought in time, it follows that the instruction of the court to find for collector was erroneous.

*The judgment is reversed, and the cause remanded for a new trial.*