### UNITED STATES v. NORTHERN FINANCE CORPORATION.

(Circuit Court of Appeals, Second Circuit. January 10, 1927.)

No. 156.

1. **Limitation of actions** �köm119(2)—**Generally action is deemed commenced when writ is lodged with sheriff for service.**

Generally action is deemed to be commenced, within statute of limitation, as soon as writ, after issuance, has been lodged in sheriff's hands for service.

2. **Limitation of actions** �köm119(2)—**Statute limiting time for actions for additional income tax was tolled, where summons issued and delivered to marshal day before enactment (Revenue Act 1921, § 250[d], being Comp. St. § 6336⅛tt).**

Where summons, in action to recover additional income tax, was issued and placed in marshal's hands for service before enactment of Revenue Act of 1921, limiting by section 250 (d), being Comp. St. § 6336⅛tt, such suits to five years, except such suits as were pending, statute was tolled.

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against the Northern Finance Corporation to recover an additional income tax for the year 1915. Judgment dismissing the complaint, and plaintiff brings error. Reversed and remanded, with directions.

The complaint alleged that the defendant had filed an income tax return for the year 1915 and paid the amount therein stated; that, for various reasons alleged, the defendant owed a larger sum, which became due on June 30, 1916. The answer denied none of the allegations of the complaint, but alleged that the action had not been begun within five years after the time when the tax became due, or before the passage of the Revenue Act of 1921 (42 Stat. 227).

The case was heard on agreed facts, as follows: The summons was issued on November 22, 1921, and on the same day lodged in the marshal's hands for service. It was served on November 29, 1921, and the complaint was filed on July 21, 1923.

The Revenue Act of 1921 was passed on November 23, 1921, of which section 250 (d) provided that "no suit or proceeding for the collection of any such taxes * * * shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this act." Comp. St. § 6336⅛tt.

Emory R. Buckner, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Carter, Ledyard & Milburn, of New York City (Heber Smith and A. Delafield Smith, both of New York City, of counsel), for defendant in error.

Before MANTON and HAND, Circuit Judges, and CAMPBELL, District Judge.

HAND, Circuit Judge (after stating the facts as above). We have been unable to see the significance of the defendant's argument that the limitation in section 250 (d) is upon the right, and not upon the remedy, and that it "is jurisdictional in its character." That the section is a statute of limitations appears to us too plain for argument, and we are as much compelled to determine when the action is "begun," if the limitation be upon the right, as if it be upon the remedy. As a statute of limitations it appears to us that it must be read as such statutes always have been, especially as we can see no difference in meaning between the word "begun," here chosen, and the usual word, "commenced," or the phrase, "commenced and sued," of the statute of James I (1623).

[1] It has been the general, if not the uniform, interpretation of statutes of limitation, that the action is commenced at least as soon as the writ, after issuance, has been lodged in the sheriff's hand for service. Brown v. Babbington, 2 Ld. Raymond, 880; Harris v. Woolford, 6 Term Rep. 617; Parsons v. King, 7 Term Rep. 6; Bell v. Ohio, etc., Co., Fed. Cas. No. 1,260; Burdick v. Green, 18 Johns. (N. Y.) 14; Jackson v. Brooks, 14 Wend. (N. Y.) 649; Day v. Lamb, 7 Vt. 426; McCracken v. Richardson, 46 N. J. Law, 50; Mason v. Cheney, 47 N. H. 24; Johnson v. Farwell, 7 Greenl. (7 Me.) 370, 22 Am. Dec. 203; Wood on Limitations, vol. 2, p. 570. The question is now generally expressly covered by statute, as it is in New York. Section 17 of the Civil Practice Act. Indeed, the best modern instances are those of suits in equity, which accept the statute of limitation by analogy from actions at law. Here it is the usual rule that the issuance of subpœna, after bill filed, and the lodgment of it for service in the sheriff's hands, tolls the statute. Linn & Lane Timber Co., v. U. S., 236 U. S. 574, 35 S. Ct. 440, 59 L. Ed. 725; U. S. v. American Lumber Co., 85 F. 827 (C. C. A. 9); U. S. v. Miller (C. C.) 164 F. 444; International Paper Co. v. Commonwealth, 232 Mass. 7, 121 N. E. 510. The mere filing of the bill is at times enough, Armstrong Cork Co. v. Merchants' Refrigerating Co., 184 F. 199 (C. C. A. 8), following the Missouri statute. Why a different rule should apply to this statute we cannot see. This result is quite independent of section 17 of the New York Practice Act, which does no more than codify the prevailing construction of statutes of limitation which had preceded it.

[2] Strictly, the case does not involve the question whether the section should have a uniform meaning, wherever the action is brought, or whether the time when it is "begun" is to be determined by the local law. In either case the statute was tolled in the case at bar, though so far as we can see, Goldenberg v. Murphy, 108 U. S. 162, 2 S. Ct. 388, 27 L. Ed. 686, is flat for the second view, and rules. The defendant by way of distinction suggests that that was a removed suit, and that the court overlooked the jurisdictional point. But the limitation of the statute there at bar applied equally in whatever court the suit was brought, and, as we have just said, the supposed jurisdictional question had nothing to do with its meaning.

Judgment reversed, and cause remanded, with instructions to enter judgment for the plaintiff on the agreed facts.