TIVOLI REALTY, Inc., v. PARAMOUNT PICTURES, Inc., et al.

ADELMAN v. PARAMOUNT PICTURES, Inc., et al.

Civil Action Nos. 1077, 1109.

United States District Court
D. Delaware.

Feb. 14, 1950.

1. Conclusion 13 was amended after petition for rehearing to read as above set forth.

John Van Brunt, Jr. (Killoran & Van Brunt) of Wilmington, Del., Thurman Arnold, (Arnold, Fortas & Porter), of Washington, D. C., and Irving L. Goldberg (Thompson, Meek & Goldberg), of Dallas, Tex., for plaintiffs Tivoli Realty, Inc. and I. B. Adelman.

Caleb S. Layton (Richards, Layton & Finger) of Wilmington, Del., George S. Wright and Jos. Irion Worsham of Dallas, Tex., for defendants Interstate Circuit, Inc. and Texas Consolidated Theatres, Inc., Paramount Pictures, Inc. and Paramount Film Distributing Corp.

Ayres J. Stockly (Hastings, Stockly, Walz & Wise) of Wilmington, Del., for defendants Twentieth Century-Fox Film Corp., Columbia Pictures Corporation and United Artists Corp.

Hugh M. Morris and S. Samuel Arsht (Morris, Steel, Nichols & Arsht) of Wilmington, Del., for defendants Universal Pictures Company, Inc., Universal Film Exchanges, Inc., Warner Bros. Pictures, Inc. and Warner Bros. Pictures Distributing Corp.

Richard F. Corroon (Southerland, Berl & Potter) of Wilmington, Del., for defendants Loew's Inc., Radio-Keith-Orpheum Corp. and RKO Radio Pictures, Inc.

RODNEY, District Judge.

These are companion cases brought under the Sherman Anti-Trust Act and the Clayton Act.[1] A detailed statement of the nature of the actions may be found in an earlier opinion of this court, reported in 80 F.Supp. 800.

It may be sufficient here to state that in each case the plaintiff was a resident of Texas. There are 14 corporate defendants, ten of which are Delaware corporations and four New York corporations doing business in Delaware. It appears that nine of the defendants are doing business, and hence to be found, in Texas, but that five defendants are not amenable to process in Texas.

There are now pending before the court certain preliminary motions, including motions to transfer these actions to the United States District Court for the appropriate District of Texas pursuant to section 1404 (a) of the Judicial Code.[2] This opinion is confined to a consideration of the questions raised by the motions to transfer.

The first question to be determined is whether the District Court for the appropriate District of Texas is a court to which these actions may properly be transferred under the terms of section 1404(a) of the Judicial Code. That section reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The venue provision of the antitrust laws which is applicable here is found in 15 U.S.C.A. § 22, and is as follows: "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found." See also 15 U.S.C.A. § 15.

There is no question that all fourteen defendants are properly suable in this district. Plaintiff contends, however, that five of the defendants are not only not "inhabitants" of Texas, but neither can be found in Texas nor transact business there, and

---

1. 15 U.S.C.A. §§ 1, 2, 15, 22 and 26.

2. 28 U.S.C.A. § 1404(a).

that the actions could not consequently have been orginally brought against all the defendants in any District Court in Texas.

The defendants' answer to this contention is two-fold. They say (1) that the five ·mentioned defendants are, like the remainder, amenable to suit in Texas, and (2) that the statute 15 U.S.C.A. § 22 is merely a venue statute which involves a personal privilege which any defendant is at liberty to waive, and that the defendants here have agreed to waive this privilege by joining in the motion to transfer. The defendants insist that the fact that five of the parties were not amenable to process in Texas was of no consequence since they were merely allegedly co-conspirators who are not necessary parties in an antitrust action. These contentions will be considered in order, and the conclusion will be determinative as to all parties regardless of their nature.

■ (1) Defendants contend that this suit could have been brought against all the defendants in Texas because, in the case of the five which are neither resident there nor could be found there nor transact business there, it appears that distribution of their films is made in Texas by wholly-owned subsidiaries. Defendants point out that the complaints allege that these five defendants participated as co-conspirators in the conspiracies and acts complained of. These facts and allegations are said to show that the five defendants are "doing business" in Texas and would have been amenable to suit there. It has been specifically held in Mebeo Realty Holding Co. v. Warner Bros. Pictures[3] and in Westor Theatres v. Warner Bros. Pictures,[4] that such activities do not constitute "doing business" so as to render the perpetrators of them subject to suit under the antitrust laws, in a private action, in the district where they are carried on. I am aware that the decision of the Westor Theatres case was somewhat questioned in Giusti v. Pyrotechnic Industries,[5] but

I am of the opinion that to adopt the construction suggested by the defendants would be to give to the phrase "transact business" a meaning which is unduly broad.

(2) The defendants next contend that even if Texas were not the proper venue as to these five defendants, yet these actions could nevertheless have been "brought" in an appropriate district in Texas because the statute, 15 U.S.C.A. § 22, is merely a venue provision which any defendant is free to waive—a privilege which, in fact, all the defendants are willing to waive and have waived by joining in the motion to transfer. The defendants contend that the actions could have been brought and maintained in Texas as to all defendants other than the five mentioned and that these five are not necessary parties being allegedly co-conspirators and hence not necessary parties in an antitrust suit.

■ I am unable to agree with defendants' contentions. It is stated in the Reviser's Notes appended to 28 U.S.C.A. that subsection (a) of section 1404 of the Judicial Code "was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper. * * *" That these notes should be regarded as authoritative in interpreting the meaning of the Code, including this particular subsection, was expressly pointed out in the Supreme Court's opinion in United States·v. National City Lines.[6] In attempting to determine the scope of section 1404(a), and more particularly to construe the words in which "it might have been brought," recourse must, therefore, be had to the established law relating to the doctrine of forum non conveniens.[7]

■ It is fundamental that "in all cases in which the doctrine of forum non conveniens comes into play, it presupposes at least two forums in which the defendant is amenable to process * * *."[8] One

3. D.C., 45 F.Supp. 340.

4. D.C., 41 F.Supp. 757.

5. 9 Cir., 156 F.2d 351.

6. 337 U.S. 78, 81, 69 S.Ct. 955.

7. Cinema Amusements v. Loew's Inc., D. C., 85 F.Supp. 319.

8. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506, 67 S.Ct. 839, 842, 91 L.Ed. 1055.

obvious reason for this requirement was that the plaintiff was entitled to know that if his action were dismissed by reason of the application of the doctrine, he could still effectively bring suit against the defendant in the more convenient forum.

█ If it is true that the new transfer statute is essentially a codification of the "forum non conveniens" doctrine, with the important modification that actions may be transferred instead of being dismissed, I find it difficult to escape the conclusion that the district to which it is sought to transfer an action must, under the terms of the statute, be a district in which the defendant or defendants would all have been amenable to suit if the action had been originally instituted there, and that the phrase in which "it might have been brought" means "brought" in the venue sense, as well as in a jurisdictional sense.

This is substantially the view adopted by this court in Brown v. Insurograph, Inc., 85 F.Supp. 328, 329, where it is intimated that a case should not be transferred under section 1404(a) unless, under the same facts, a dismissal would have been justified under the doctrine of forum non conveniens. In Tivoli Realty, Inc. v. Interstate Circuit, Inc.[9] it was expressly held that the doctrine of forum non conveniens was inapplicable in the case of multiple defendants unless there were at least two forums in which the entire group of defendants was answerable to process. If the foregoing be true, it must follow that, in a case involving multiple defendants, a transfer should not be made unless all defendants were amenable to process in the transferee jurisdiction.

In support of their contention that an action may be transferred to a district in which some of the several defendants were not amenable to process, the defendants have cited the recent decision in Ferguson v. Ford Motor Co., in the Southern District of New York dated January 6, 1950.[10] Such unquestionably was the ruling of the court although, in fact, the motion to transfer was denied because the criteria of section 1404(a) relating to convenience had not been satisfactorily met.

In reaching its conclusion that an action against multiple defendants may be transferred to a district in which some of the defendants were not amenable to process, the New York court relied principally upon two factors. First it considered that such conclusion was implicit in the holding of United States v. National City Lines, supra.[11] In Ferguson v. Ford Motor Co. reliance is had upon the fact that in the National City Lines case in the lower court [12] it appeared that certain defendants may not have been amenable to process in the proposed transferee jurisdiction (Illinois) except by virtue of a stipulation by which the defendants agreed not to contest the Illinois jurisdiction. The case of United States v. National City Lines was a civil antitrust action brought by the Government. In actions of this nature parties not ordinarily amenable to process may be brought in whenever "the ends of justice require" and ordinary venue provisions do not necessarily apply.[13] It is needless to say that the present action is not one in which the cited statute has any application. In the National City Lines case, 337 U.S. 78, 69 S.Ct. 955, the precise question before the Supreme Court and the only question, as far as can be ascertained from the report of its opinion, that was there presented, considered and decided was whether the transfer statute was applicable to an antitrust suit. Nothing is apparent to suggest that the Supreme Court considered the question whether, when there are multiple defendants, transfer may be to a district where some of them would not originally have been amenable to suit. Whether or not, in the National City Lines case, any parties existed who would not ordinarily be amenable to

9.  5 Cir., 167 F.2d 155, certiorari denied 334 U.S. 837, 68 S.Ct. 1494, 92 L.Ed. 1762.

10.  89 F.Supp. 45.

11.  337 U.S. 78, 69 S.Ct. 955.

12.  D.C., 7 F.R.D. 456, D.C., 80 F.Supp. 734.

13.  15 U.S.C.A. § 5.

process was of no moment in view of the statute just cited.

The other ground for the court's decision in the Ferguson case was that, in its view, the condition of the transfer statute that an action may be transferred to a district in which the action "might have been brought" is sufficiently met if one of several defendants were amenable to suit there, and the others consented to be sued there. This is despite the fact that the court had earlier in its opinion ruled that "might have been brought" means might have been brought in a venue sense. Clearly, then, if there were only one defendant, his consent to be sued in a proposed transferee jurisdiction in which he was not amenable to process would be totally unavailing. If the suit could not have been brought against him originally in that district in the venue sense, it could not be transferred there. That being so, it seems to me that logic compels the conclusion that in the case of multiple defendants, there could likewise be no transfer of the action unless it could have been brought against all of them, in the venue sense, in the transferee jurisdiction.

As a matter of right the court could only transfer such portion of the action as applies to those amenable to process in the transferee jurisdiction and as to the others the transfer is had only if and when such parties consent. The statute authorizing transfer, however, places upon the court the entire burden of determining the propriety of transfer and the consent or approval of a defendant is not a determining factor. A reliance upon the consent of a defendant would seem to be an acknowledgment that without such consent no power exists in the court to make the transfer.

■ Defendants argue that if it is held that this action may not be transferred because certain defendants were not originally amenable to process in Texas, it would always be open, especially in a suit of this nature, to a plaintiff to join parties, who may have some slight connection with the case, for the purpose of preventing transfer. This situation, of course, would be taken up when it is apparent that parties are merely joined for the purpose of preventing transfer. It would seem that the court could exercise proper control of parties under Rule 21, Federal Rules of Civil Procedure, 28 U.S.C.A., or other pertinent rule in the interest of justice and for the prevention of fraud.

■ I conclude, therefore, that this court is without authority to transfer these actions to Texas and that the motions to transfer must be denied. An appropriate order may be submitted.