**OTTO v. HIRL et al.**

Civ. No. 1–5.

United States District Court
S. D. Iowa, Davenport Division.

Feb. 24, 1950.

Hugh V. Plunkett (of Plunkett & Plunkett), Austin, Minn., for plaintiff-movant.

John E. McCracken (of McDonald & McCracken), Davenport, Iowa, for defendants.

SWITZER, District Judge.

Plaintiff originally commenced this action in the United States District Court for the District of Minnesota. Service was obtained upon the defendants at Davenport, Iowa, whereupon said defendants filed their motion to quash in the District Court of Minnesota, which was sustained. Subsequently, plaintiff dismissed his case in the Minnesota District and started the same action in the United States District Court for the Southern District of Iowa, with personal service upon the defendants.

The motion of the plaintiff for a "change of place of trial," as nominated in said motion, is nevertheless a motion for transfer of the case from the Southern District of Iowa to the District of Minnesota, and is made under the authority contained in Section 1404(a), Title 28 U.S.C.A., which reads: "Section 1404. Change of Venue. (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ The alleged occurrence out of which this litigation arose took place in Austin, Minnesota, on Aug. 6, 1948, when it is claimed that the defendant Neil Hirl, driving the car of his father, Michael Hirl, struck and injured the plaintiff, a pedestrian. All of the witnesses, except the defendants themselves, reside in the Minnesota district, first division thereof, although the defendants did at the time of the accident also live in Austin, Minn. Subse-

quently thereto, but prior to the commencement of any action, they took up their residence in Davenport, Iowa, in the Southern District of Iowa. Plaintiffs' nine witnesses reside in the general vicinity of Austin, Minnesota. Two of them are doctors of medicine at the Mayo Clinic in Rochester, Minn.; and two other doctors reside in Austin. Additionally, there are two police officers from the City of Austin. Both Rochester and Austin, Minnesota, are upwards of 240 miles distant from Davenport, Iowa. The court must necessarily conclude that great inconvenience would be occasioned doctors of medicine, as well as police officers, were they to be required to travel so great a distance to Davenport, Iowa, to testify in this case. On the other side, the defendants themselves are the only persons who would be inconvenienced by a trial of this cause in the Minnesota District. The facts here are in accord with the considerations enumerated in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, which should influence a court to allow a transfer under Section 1404(a): "* * * the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. * * * There is a local interest in having localized controversies decided at home."

■ I must clearly find, therefore, that the facts in the instant case could warrant no other conclusion than that a transfer should be ordered, to the First Division of the District of Minnesota.

The question now presented is whether the court under the law, Section 1404(a), Title 28 U.S.C.A., drafted recently by Congress in accordance with the doctrine of forum non conveniens, has the authority in this situation of the parties, to order a transfer for trial of this cause from the Southern District of Iowa to the District of Minnesota.

Section 1404(a) became the law on Sept. 1, 1948, and there do not appear to be any

cases of judicial interpretation to the point involved here. There are several cases bearing upon the transfer from one district to another of cases arising under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, decides that such actions may be transferred under Section 1404(a). And see Judge Nordbye's opinion, Hayes v. Chicago, R. I. & P. R. Co., D.C., 79 F.Supp. 821. An analysis of the pertinent venue provisions, Sections 1391-1403, Title 28 U.S.C.A., the Federal Rules of Civil Procedure, 28 U.S.C.A., and the cases, convinces the court that it is within the letter and spirit of Section 1404(a) to effect the transfer here requested.

Rule 3 of the Rules of Civil Procedure provides that "A civil action is commenced by filing a complaint with the court."

 Is the word "commenced" as used in Rule 3 synonymous in meaning with the word "brought" as used in Section 1404(a). I believe the answer to be in the affirmative.

In Goldenberg v. Murphy, 108 U.S. 162, 2 S.Ct. 388, 27 L.Ed. 686, the Supreme Court held that there was no real difference in meaning between the words "commenced" and "brought". Chief Justice Waite, 108 U.S. at page 165, 2 S.Ct. at page 389, said: "A suit is brought when in law it is commenced, and we see no significance in the fact that in the legislation of congress on the subject of limitations the word 'commenced' is sometimes used, and at other times the word 'brought.' In this connection the two words evidently mean the same thing, and are used interchangeably." See United States v. Northern Finance Corp., 2 Cir., 16 F.2d 998; Isaacks v. Jeffers, 10 Cir., 144 F.2d 26; Armstrong Cork Co. v. Merchants' Refrigerating Co., 8 Cir., 184 F. 199.

Section 1391, Title 28 U.S.C.A., provides: "(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

Obviously, under this provision of the statute, venue is laid in the instant case in the District of Minnesota as well as in the Southern District of Iowa.

Section 1693, Title 28 U.S.C.A., provides: "Except as otherwise provided by Act of Congress, no person shall be arrested in one district for trial in another in any civil action in a district court."

The meaning of the rule exemplified by the statute is too well known to require the citation of authorities.

The exception, however, therein provided for is squarely met in Section 1404(a). But the defendant argues that even though venue is laid in the Minnesota District, that still because of the residence of the defendants in the State of Iowa, jurisdiction over the person of these defendants may not be had in an action commenced in the District Court of Minnesota; and that because of this situation there is no present ability to bring or commence the action in Minnesota, therefore rendering it impossible for this court to transfer this action to that district.

Plaintiff has cited several cases under the Federal Employers' Liability Act wherein questions of transfer not dissimilar factually to the instant case are cited as analogous, and the court is likewise convinced of their applicability here. Section 6 of the Employers' Liability Act, Sec. 56, Title 45 U.S.C.A., provides: "Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States."

Judge Vinson declares in Ex parte Collett, supra [337 U.S. 55, 69 S.Ct. 947], that "Section 6 of the Liability Act defines the proper forum; § 1404(a) of the Code deals with the right to transfer an action properly brought. * * * Section 1404(a) does not limit or otherwise modify any right granted in § 6 of the Liability Act or elsewhere to bring suit in a particular district."

The same may be said about Section 1391 (a), Title 28 U.S.C.A., which lays the venue here for "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

It would seem clearly to be beyond the power of the court to restrict the transfer on an application under Section 1404(a) only to that district where the court presently had or could have jurisdiction of the parties. The concluding words of Section 1404(a)—"where it might have been brought"—are clear and unambiguous, and the court is satisfied that the authority contained in said section is likewise clear and direct for the court here to order this case transferred for trial in the District of Minnesota. Again quoting from Ex parte Collett, 337 U.S. at page 57, 69 S.Ct. at page 946: "'Subsection (a) was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper. * * * The new subsection requires the court to determine that the transfer is necessary for convenience of the parties and witnesses, and further, that it is in the interest of justice to do so.' * * * The court below relied on the language of § 1404(a), supra, which it regarded as 'unambiguous, direct, clear.' We agree."

Having found as a matter of fact that a transfer of this cause to the First Division of the Minnesota District would best serve the interests of justice, for the convenience of the parties and witnesses, and having noted the recent pronouncement of the Supreme Court of the United States to the effect that the words used in Section 1404 (a) are unambiguous and subject to interpretation according to their literal meaning, the court is abidingly satisfied that this case should be transferred to the district and division of the United States Court where the accident happened and where the plaintiff and all of the witnesses, except the defendants, reside.

It is therefore ordered:

This matter coming on for hearing on the motion of the plaintiff and having been argued orally and by briefs, and the court being advised;

It is ordered that this case of Miles Otto, Plaintiff, v. Neil Hirl and Michael Hirl, Defendants, Civil Action herein No. 1-5, be transferred to the United States District Court for the District of Minnesota, First Division, and that the Clerk of this Court shall forthwith forward all of the files in said proceeding to the Clerk of said District and Division, at Winona, Minnesota, together with a copy of this order.