## MASTERPIECE PRODUCTIONS, Inc., et al. v. UNITED ARTISTS CORPORATION.

### Civ. A. No. 10397.

United States District Court
E. D. Pennsylvania.

May 23, 1950.

Lemuel B. Schofield and Marvin Comisky, Philadelphia, Pa., for plaintiff Masterpiece Productions, Inc.

Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Masterpiece Productions, Inc., filed a complaint against United Artists Corporation, averring three separate causes of action: one, a contract action, based upon diversity of citizenship jurisdiction, and the other two based upon the copyright laws. Magnus Films, having refused to join as coplaintiff and being beyond the reach of process in this district, was joined as an involuntary plaintiff. Independent Wireless Telegraph Co. v. Radio Corporation of America, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357; Rule 19(a), Federal Rules of Civil Procedure, 28 U.S.C.A. Masterpiece and Magnus are both New York corporations, and the defendant United Artists is a Delaware corporation. However, all three parties maintain their principal offices within the Southern District of New York, and the defendant moves for a transfer of this action to the District Court for the Southern District of New York, under Section 1404(a) of the Judicial Code, 28 U.S.C.A.

Under Section 1404(a) the Court may transfer this action, for the convenience of parties and witnesses and in the interest

of justice, to any other district where it might have been brought originally. See Schoen v. Mountain Producers Corporation, 3 Cir., 170 F.2d 707, 714, 5 A.L.R.2d 1226. If Masterpiece had attempted to bring this suit originally in the Southern District of New York, the diversity of citizenship requisite for the first cause of action would have been absent, because Magnus, a necessary if not an indispensable party, being amenable to process in that district and being unwilling to join as plaintiff, could have been joined only as a defendant.

In opposing the motion for a transfer, the plaintiff Masterpiece relies on Tivoli Realty, Inc., v. Paramount Pictures Inc., D.C., 89 F.Supp. 278, 279, in which Judge Rodney held that a suit could not be transferred to another district unless all defendants were amenable to process in the transferee district. The rationale is that the phrase "where it might have been brought" means "brought" both in the venue and the jurisdictional sense. The instant action, certainly, could not have been "brought" in the Southern District of New York, in the jurisdictional sense. However, there are decided cases reaching a conclusion contrary to that of Judge Rodney. In Otto v. Hirl, D.C.S.D.Iowa, 89 F.Supp. 72, and in McCarley v. Foster-Milburn Co., D.C.W.D.N.Y., 89 F.Supp. 643, it was held that diversity suits could be transferred to a district in which defendant would not have been available for service of process. The rationale of these cases is that the words "brought" and "commerce" are synonymous. A suit is brought when it is commenced, Goldenberg v. Murphy, 108 U.S. 162, 163, 2 S.Ct. 388, 27 L.Ed. 686; and a suit is commenced by filing a complaint with the Court, Rule 3, F.R.C.P. Under this doctrine, it might be theoretically possible for the instant action to have been "brought" originally in the Southern District of New York, by the filing of a complaint which failed to establish diversity of citizenship as a jurisdictional basis for the first cause of action. See Restatement of Judgments, Sec. 7, Comment c. But the theoretical possibility is so far removed from the realm of the probable that it can be accorded no weight in the solution of the problem posed. From a practical point of view, this action could not have been brought in the Southern District of New York. I venture no comment on the jurisdictional implications of a possible realignment of the parties, inasmuch as that question is not presently in issue. Since this suit is not one which could have been brought originally in the Southern District of New York, it cannot be transferred to that district under Section 1404(a).

Accordingly, the motion to transfer will be denied.