## ROGERS et al. v. HALFORD.
### Civ. A. No. 5334.

United States District Court
E. D. Wisconsin.
Sept. 16, 1952.

Doar & Knowles and John Doar, New Richmond, Wis., for plaintiffs.

Bendinger, Hayes & Kluwin and John A. Kluwin, Milwaukee, Wis., for defendant.

TEHAN, District Judge.

Plaintiffs have moved the court for an order transferring the place of trial in this case to the United States District Court for the Northern Division of the Northern District of California pursuant to Title 28 U.S.C.A. § 1404(a). Section 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The reviser's note following this section states in part:

"Subsection (a) was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper. * * * The new subsection requires the court to determine that the transfer is necessary for convenience of the parties and witnesses, and further, that it is in the interest of justice to do so."

The present action arises out of an automobile accident which occurred near Sacramento, California on September 10, 1950. At the time of the accident all of the parties were residents of California. About three months later, however, the defendant moved to Wisconsin where she has since resided. While plaintiffs had contacted both the defendant and her insurance company relative to claims which they were asserting as a result of the accident, apparently they did not realize that she intended to leave California, and did not commence action prior to the time that she left. The California statutes are not such as will now permit, under the facts of this case, substituted service of process upon the Secretary of State or Motor Vehicle Commissioner of California; hence, the action was brought in this district where the defendant presently resides.

All of the witnesses in this action, except the defendant, reside in or near Sacramento in the California district, Northern Division thereof, as did the defendant at the time of the accident. Plaintiffs' witnesses include three witnesses to the accident, three doctors who treated plaintiffs' injuries, and a highway patrol officer who investigated the accident. Plaintiffs assert that they are persons of modest means, that it would constitute great inconvenience and severe financial hardship for them to attend the trial, and that they would be unable to finance the costs of transportation, meals and lodging of the necessary witnesses. They further assert that the defendant, herself, will be the only person who will be inconvenienced by a trial in California. The city of Sacramento is more than 2000 miles distant from Milwaukee, Wisconsin.

Upon the facts as presented, this court believes that a sufficient showing has been made that the convenience of parties and witnesses and the interests of justice warrant transfer of the case as requested. Before a transfer can be ordered, however, the court, under a further provision of Section 1404(a), must make a determination that the district to which transfer of the action is sought is a district "where it might have been brought." Concededly,

the defendant is not amenable to process in California, and it is obvious that she is amenable to process in one forum only, that is, Wisconsin, her place of residence.

There appear to be only two cases in which situations similar to this were presented. In Otto v. Hirl, 89 F.Supp. 72, the United States District Court for the Southern District of Iowa transferred a personal injury action arising from an automobile accident to the District of Minnesota. Aside from the fact that the distances there involved were much less, the facts in that case were very similar to our own. Holding that to meet the requirements of the phrase, "where it might have been brought", it was not necessary that the defendant be amenable to process in the district to which transfer was requested, the court said, 89 F.Supp. at page 74:

"Rule 3 of the Rules of Civil Procedure [28 U.S.C.A.] provides that 'A civil action is commenced by filing a complaint with the court.'

"Is the word 'commenced' as used in Rule 3 synonymous in meaning with the word 'brought' as used in Section 1404(a). I believe the answer to be in the affirmative.

"In Goldenberg v. Murphy, 108 U.S. 162, 2 S.Ct. 388, 27 L.Ed. 686, the Supreme Court held that there was no real difference in meaning between the words 'commenced' and 'brought'. Chief Justice Waite, 108 U.S. at page 165, 2 S.Ct. at page 389, said: 'A suit is brought when in law it is commenced, and we see no significance in the fact that in the legislation of congress on the subject of limitations the word "commenced" is sometimes used, and at other times the word "brought." In this connection the two words evidently mean the same thing, and are used interchangeably.'"

In the case of McCarley v. Foster-Milburn Co., D.C., 89 F.Supp. 643, 644, the plaintiff, a citizen of California, sued as administrator of the estate of his deceased wife, alleging that his wife bought a product made and distributed by the defendant New York corporation, and that she used

said product and died because of the defendant's negligence. Conceding that the defendant could not be sued in California, plaintiff brought action in New York and then moved to change the place of trial to California under section 1404(a). There were 26 witnesses in California. In granting plaintiff's motion, the District Court said:

> "The application of said section 1404(a) of 28 U.S.C.A. depends on whether the words 'where it might have been brought' mean actually or potentially. Rule 3 of Federal Rules of Civil Procedure provides: 'A civil action is commenced by filing a complaint with the court.' The words 'brought' and 'commence' are synonymous. 'A suit is brought when in law it is commenced'. Goldenberg v. Murphy, 108 U.S. 162, 163, 2 S.Ct. 388, 389, 27 L.Ed. 686."

Upon appeal to the Court of Appeals, Second Circuit, in an opinion written by Judge Learned Hand, Foster-Milburn Co. v. Knight, 181 F.2d 949, 951, the District Court decision was reversed. Judge Hand was of the opinion that any judgment by the California court would be void, and said:

> "Coming then to the merits, it is true that the District Court of the Southern District (Northern Division) of California would have jurisdiction over an action brought by the plaintiff against the defendants, provided he served them with process within that state, or perhaps, that district. Hence, the plaintiff argues, since he could have 'brought' the action in California, § 1404(a) authorized its transfer thither. That would be true, if that section regards the mere filing of a complaint as a bringing of the action; but it is not true, if it presupposes that the defendant can be served. We do not forget that an action is 'commenced' when the complaint is filed; and it would follow, if it is 'brought' whenever it is 'commenced,' that the plaintiff is right. The inference is, however, unwarranted that Rule 3 meant to assimilate the filing of a com-

plaint to the service of a summons. Apparently its primary object was to fix a limit upon the period of limitation; and that has never required the service of process, but ordinarily only the lodgement of process in the hands of the sheriff, as it still does, for example, in New York. We need not say that that is the only office of Rule 3, but we are satisfied that at least it does not make the filing of a complaint the equivalent of 'bringing an action' under § 1404(a)."

Justice Hand concluded:

> "While there is as yet no controlling authority upon the point, what there is accords with our conclusion. The revisers say that § 1404(a) 'was drafted in accordance with the doctrine of forum non conveniens,' and that doctrine always 'presupposes at least two forums in which the defendant is amenable to process.' Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055. The same conclusion was expressed obiter in Christopher v. American News Co., 7 Cir., 176 F.2d 11, and Judge Rodney so decided in Tivoli Realty Insurance Co. v. Paramount Pictures, D.C., 89 F.Supp. 278."

There seems to be no doubt, in view of the reviser's note, that the intent of Congress in enacting Section 1404(a) was to adopt legislatively the doctrine of forum non conveniens. While such codification in itself can be considered a benefit, it seems to us that the primary intention of Congress was to work a distinct improvement in the operation of the rule by making unnecessary the cumbersome and hazardous procedure of dismissing the action in the original court and instituting a new action in another district.

However, we find no indication of any congressional intention that Section 1404(a) be used as a device by which a defendant might be brought before a court which could not otherwise obtain personal jurisdiction over him. Such a construction, it seems to us, would have to be bottomed on a belief that Congress intended to create a side door to the courthouse—a

side door incidentally to be reached only by following a long and devious path— in a situation where it could easily widen the front door if it desired by simply extending the jurisdiction of the court.

■■ The doctrine of forum non conveniens has always presupposed "at least two forums in which the defendant is amenable to process", Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055, and there is no reason to believe that Congress in enacting Section 1404(a) intended to eliminate that prerequisite. As Judge Hand pointed out, the primary object of Rule 3 was to fix a limit upon the period of limitation. This court concurs in his statement that while that may not be the only office of Rule 3, "at least it does not make the filing of a complaint the equivalent of 'bringing an action' under § 1404(a)." While it would seem that the interests of justice would be much better served by having the trial of this action in California, this court does not believe that Section 1404(a) gives it the power to order the requested transfer.

Counsel for the defendant will present an order in conformity with this opinion.