Mrs. Estelle **BYRD** and J. N. Byrd, Jr.,
Appellants,

v.

Mrs. Willie Louis **BATES** et al.,
Appellees.

No. 16332.

United States Court of Appeals
Fifth Circuit.

April 12, 1957.

Rehearing Denied May 3, 1957.

Wyman C. Lowe, Atlanta, Ga., for appellants.

Jackson C. Burroughs, Curtis White, John R. Carrell, Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, and CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

Estelle Byrd, joined on this appeal by her husband, John N. Byrd, Jr., sought to recover damages for the wrongful death of her former husband, James Winchester. He was stabbed to death in the Stevens Hotel in Atlanta, Georgia, on April 21, 1951. The action was brought in the District Court for the Northern District of Texas. Jurisdiction was based on diversity of citizenship. The original complaint was filed on April 20, 1953, one day short of two years from the date of Winchester's death. Over twenty defendants were named in the original complaint, some in representative capacities as executor, guardian and trustee. The plaintiff sought to charge that the defendants, as partners or in some other capacity, operated the Stevens Hotel and that Winchester had been killed by their employees and agents and that they were negligent in employing improper persons. The original complaint contained a prayer that summons issue as required by law. Two or three copies of the complaint were sent with the original to the clerk of the court at the time of filing. The letter of the plaintiff's counsel, a resident of Atlanta, transmitting the complaint and the filing fee to the clerk in Dallas contained the request, "Please have summons issue on the day you receive the complaint from me". On that day, April 20, 1953, the clerk wrote plaintiff's attorney:

"You request summons to issue upon receipt of the complaint, which summons have not been issued and cannot be issued until we have received a copy of your complaint (to be attached to each summons) upon each of the defendants you desire to serve. Also the marshal will request his fee for the service of each summons.

"Kindly forward the list of defendants you desire to be served, together with a copy of your Complaint".

Plaintiff's counsel replied:

"I sent you only the original and one copy of the original of the complaint. Within the near future I shall mail enough additional copies for service of a copy, with summons attached, upon each of the defendants I desire to be served.

"It is probable that I shall later amend the complaint in such a manner as to drop out some of the defendants. * * * "

The attorney wrote similar letters on three subsequent occasions. Summons issued on September 14, 1953. Two days later Mrs. Bates was served. John B. McCallum was served on October 2, 1953. He is a Catholic Priest who by his clerical vows is unable to participate in civil litigation. Nothing has been filed by him or on his behalf in the cause in the district court or in this court. The district court, of its own motion, dismissed the cause on the ground that no cause of action was stated. This court reversed. Byrd v. Bates, 5 Cir., 1955, 220 F.2d 480. After numerous pleadings were filed, the court ordered the plaintiff to replead and on November 18, 1955, an amended complaint was filed in which relief was sought against Mrs. Bates and Rev. McCallum in their various representative capacities but not against anyone else. Although not named as defendant in this last amended complaint, The United States Fidelity and Guaranty Company, which was surety on Mrs. Bates' guardianship bond, filed an answer. It had never been served with summons. Mrs. Bates filed a motion for summary judgment on several grounds, most of which went to the merits of the plaintiff's alleged cause of action. Among the grounds, not going to the merits, was one asserting, "That the plaintiffs' cause of action, if any they ever had, is barred by the Two Year Statute of Limitations". Affidavits were filed. Among these was one of the plaintiff's attorney reciting that in a telephone call to the deputy clerk on April 25, 1953, he, the attorney, wished summons issued to Mrs. Bates and McCallum. Depositions and admissions were before the court. At the hearing the clerk's correspondence was received in evidence. The court entered judgment for the defendants. It was there recited that the court was of the opinion that the plaintiff's suit was barred by limitations.

The plaintiff appellant has appealed from the summary judgment and asserts that thirteen errors were committed.

The primary question is whether there is any disputed fact upon which the operation of the bar of the Texas two-year statute of limitation might depend. So much of that statute as is here pertinent is in these words:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

* * * * * * *

"7. Action for injury done to the person of another where death ensued from such injury; and the cause of action shall be considered as having accrued at the death of the party injured." Vernon's Ann. Tex.Civ.Stat. Art. 5526.

The plaintiff takes the position that Rule 3 of Fed.R.Civ.Proc., 28 U.S.C.A., providing that "A civil action is commenced by filing a complaint with the court", fixes the date of filing the complaint as the time when the statute of limitation is tolled; and if, contends the appellant, there is any requirement that there be a bona fide intent that process be issued and served, that intent is shown by counsel's letter to the clerk, and the rule relating to issuance of summons which provides:

"Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it to the marshal or to a person specifically ap-

pointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants." Rule 4(a), Fed.Rules Civ.Proc.

Prior to the adoption of the Federal Rules of Civil Procedure it had been held that in a suit brought in a state court and thereafter removed, the laws of the state would determine when the suit had been "commenced" or brought within the meaning of a statute of limitations. Goldenberg v. Murphy, 108 U.S. 162, 2 S.Ct. 388, 27 L.Ed. 686. In 1934 Congress gave the Supreme Court the power to prescribe rules of practice and procedure but forbade affecting substantive rights. 28 U.S.C.A. § 2072. The rules were adopted on December 20, 1937. 302 U.S. 783, 82 L.Ed. 1552. They became effective September 16, 1938. Between these two dates, on April 25, 1938, the Supreme Court in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, held that in cases involving rights having their origin under state law, the substantive law of the state would govern in Federal as well as state courts. In 1945 the Supreme Court held that state statutes of limitations should be applied. The court held that it was immaterial whether statutes of limitation were regarded as substantive or procedural. The court said:

"Erie R. Co. v. Tompkins was not an endeavor to formulate scientific legal terminology. It expressed a policy that touches vitally the proper distribution of judicial power between State and federal courts. In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court. The nub of the policy that underlies Erie R. Co. v. Tompkins is that

for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away should not lead to a substantially different result." Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079, 160 A.L.R. 1231.

A like question, and one with more factual similarity to that now before us, came before the Supreme Court of the United States. The Kansas statute of limitations provided that "An action shall be deemed commenced within the meaning of this article, as to each defendant, at the date of the summons which is served on him, * * *" G.S. 1949, 60–308. A suit was brought involving a highway collision occurring October 1, 1943. The complaint was filed September 4, 1945. The defendant was not served until December 28, 1945. The defendant moved for a summary judgment on the ground that under the Kansas statute the action was barred. The plaintiff asserted the suit was commenced when the complaint was filed and relied upon Rule 3, Fed.Rules Civ.Proc. The Supreme Court held the Kansas law applicable and that the action was barred. From its opinion we quote:

"Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, was premised on the theory that in diversity cases the rights enjoyed under local law should not vary because enforcement of those rights was sought in the federal court rather than in the state court. If recovery could not be had in the state court, it should be denied in the federal court. Otherwise, those authorized to invoke the diversity jurisdiction would gain advantages over those confined to state courts. Guaranty Trust Co. of New York v. York applied that principle to statutes of limitations on the theory that, where one is barred from recovery in the state court, he should likewise be barred in the federal court.

"It is conceded that if the present case were in a Kansas court it would be barred. The theory of Guaranty Trust Co. of New York v. York would therefore seem to bar it in the federal court, as the Court of Appeals held. The force of that reasoning is sought to be avoided by the argument that the Federal Rules of Civil Procedure determine the manner in which an action is commenced in the federal courts—a matter of procedure which the principle of Erie R. Co. v. Tompkins does not control. It is accordingly argued that since the suit was properly commenced in the federal court before the Kansas statute of limitations ran, it tolled the statute." Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 1234, 93 L.Ed. 1520, rehearing denied 338 U.S. 839, 70 S.Ct. 33, 94 L.Ed. 513.

This court has commented on the effect of the Guaranty Trust and Ragan cases, and has held:

"All that Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520; Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, mean in this area is that if the claim—that is the real subject matter of the litigation—would not support recovery in a state court— if in the state court there is no means by which effective relief can be accorded—then it may not in a federal court, and this results whatever label the state jurisprudence may put on the infirmity that is, 'procedural' or 'substantive'." Travelers Indemnity Co. v. Bengtson, 5 Cir., 1956, 231 F.2d 263, 265.

The doctrine of the Ragan case was well considered by Judge Hincks while Chief Judge of the District Court for the District of Connecticut. Speaking for the court he said:

"Previous decisions in the federal courts as to this point apparently have turned on a distinction as to the wording of the various state statutes of limitations. 1 Barron and Holtzoff Sec. 163; 2 Moore's Federal Practice (2d Ed.) Sec. 3.07. Where, as an integral part of the applicable statute of limitations, the legislature has specified what must be done to bring an action within the period of limitations, the courts have held that the statute is not tolled until the action is brought as the statute directed. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520; Zuckerman v. McCulley, 8 Cir., 1948, 170 F.2d 1015; Nola Electric Co. v. Reilly, D.C.S.D.N.Y. 1948, 93 F.Supp. 164; cf. Krisor v. Watts, D.C.E.D.Wis.1945, 61 F. Supp. 845. But where the statute merely specifies that the action may not be brought but within a specified period, without specifying by what acts an action is 'brought', federal courts have said that, pursuant to F.R.C.P. 3, the filing of the complaint tolls the statute. Cf. Isaacks v. Jeffers, 10 Cir., 1944, 144 F.2d 26, certiorari denied 323 U.S. 781, 65 S.Ct. 270, 89 L.Ed. 624, and cases cited therein; Bomar v. Keyes, 2 Cir., 1947, 162 F.2d 136, certiorari denied 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400, rehearing denied 332 U.S. 845, 68 S.Ct. 266, 92 L.Ed. 416. The courts have proceeded thus on the theory that unless the statute of limitations specifically provides by what procedure an action must be so brought as to toll the statute, the manner of commencing the action and serving process is a matter of procedural law only. Merchants Transfer & Warehouse Co. v. Ragan, 10 Cir., 1948, 170 F.2d 987, 992." Glebus v. Fillmore, D.C.Conn.1952, 104 F.Supp. 902, 903.

In this case, as in the Ragan case, the controlling limitation period is that pre-

scribed by the state law. In this court's recent opinion in International Derrick & Equipment Co. v. Croix, 5 Cir., 1957, 241 F.2d 216, 219, we quoted the following statement of the Texas law:

"'Most of the articles of the Revised Statutes which prescribe periods of limitation for particular actions require that the action be 'commenced and prosecuted' within a designated time after the accrual of the cause of action. In cases to which such provisions are applicable, it is well settled that the running of the statute is not interrupted by the mere filing of a petition with the clerk. Not only must this initial step be taken, but there must be a bona fide intent that process shall be served at once upon the defendant. In the absence of a valid excuse for delay, the statute runs until citation is issued and service obtained, if the plaintiff by some affirmative act or declaration is responsible for delay in having citation issued and served, or if a bona fide attempt to obtain service is not made. A suit is not commenced by the issuance of process which cannot possibly bring the defendant before the court, or which may be served only in case the defendant may be found temporarily in the state. Needless to say, the running of the statute is interrupted where a suit is filed and the defendant is properly served with citation, showing the cause of action against him.' 28 Tex.Jur. 192, Limitation of Actions, § 99."

In an earlier opinion we applied the Texas rule and declared that the filing of an action stopped the running of the statute of limitations "if it was filed with a bona fide intention, coupled with reasonable diligence on the part of the plaintiffs, to obtain service upon the defendants and to prosecute the suit with force and effect." Pacific Employers Ins. Co. v. Parry Navigation Co., 5 Cir., 1952, 195 F.2d 372, 373. Cf. Digby v. United States Fidelity & Guaranty Co., 5 Cir., 1957, 239 F.2d 569.

As to the factors to be considered in a determination of whether an action has been "commenced and prosecuted" we find references in the opinions of the Texas courts to the negligence of the plaintiff in procuring the issuance of citation and the fault of the plaintiff in delaying its issuance, Curtis v. Speck, Tex.Civ.App., 130 S.W.2d 348, Tribby v. Wokee, 74 Tex. 142, 11 S.W. 1089; to unreasonable delay in service of citation, Davis v. Adkins, Tex.Civ.App., 251 S.W. 285; to unintentional delay, Massie v. Ft. Worth, Tex.Civ.App., 262 S.W. 837; to reasonable diligence, Allen v. Masterson, Tex.Civ.App., 49 S.W.2d 855; to proper diligence, Wood v. Gulf, C. & S. F. R. Co., 15 Tex.Civ.App. 322, 40 S.W. 24; to bona fide intention that process be issued and served, Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645; to reasonable excuse, Panhandle & S. F. Ry. Co. v. Hubbard, Tex.Civ.App., 190 S.W. 793; and to neglect of attorneys, Ferguson v. Estes & Alexander, Tex.Civ.App., 214 S.W. 465, 466. These elements, usually comprehended under the term "reasonable diligence", present a fact question. San Saba Nat. Bank of San Saba v. Parker, 135 Tex. 136, 140 S.W.2d 1094. There were fact issues presented which should not have been decided by summary judgment under Rule 56, Fed.Rules Civ.Proc. Where an issue is as to reasonable diligence it must be determined by inferences drawn from facts admitted or proven. The question is similar to and includes intent and good faith. Where the evidence is such that conflicting inferences may be drawn with respect to such issues a summary judgment should not be granted. Paul E. Hawkinson Co. v. Dennis, 5 Cir., 1948, 166 F.2d 61.

Concluding, as we do, that the summary judgment was improper, it will be reversed. The motion for taxing costs need not be considered. For further proceedings the judgment is

Reversed and remanded.