**AMERICAN CASUALTY CO. OF READING, PENNSYLVANIA, Plaintiff,**

v.

**FSLIC as Receiver for Major Federal Savings & Loan Association et al., Defendants.**

**Civ. No. C-1-86-1214.**

United States District Court,
S.D. Ohio, W.D.

April 13, 1988.

Jeffrey Baskst, Cincinnati, Ohio, Thomas Palmer, Columbus, Ohio, Thomas Atkins, Brooklyn, N.Y., Peter Randolph, Cincinnati, Ohio, for defendants.

Thomas S. Shore, Cincinnati, Ohio, for plaintiff.

## ORDER

**CARL B. RUBIN, Chief Judge.**

This matter is before the Court on Cross Motions for Summary Judgment submitted by plaintiff American Casualty Co. of Reading, Pennsylvania (American Casualty) (doc. no. 39) and defendants Federal Savings and Loan Insurance Corporation (FSLIC) (doc. no. 38), Pauline Strayhorne (doc. no. 37) and Glenn Alexander (doc. no. 35). Also before the Court are memoranda in support of and in opposition to such motions (doc. nos. 40, 41, 43, 48, 51) and a joint stipulation of facts (doc. no. 27). Plaintiff filed this declaratory judgment action to determine the parties' rights and obligations under the Directors and Officers Liability Insurance Policy No. 00457 DAO1 (the Policy) issued by MGIC Indemnity Corporation (MGIC) to Major Federal Savings & Loan Association (Major Federal).

### Factual Background

Prior to July 25, 1986, Major Federal was a federally chartered savings and loan association doing business in the Cincinnati area. Defendants Strayhorne, Zeigler and Alexander were all officers and/or directors of Major Federal.

On August 2, 1983, MGIC issued the Policy in question to Major Federal. Subsequently, the Policy was assigned to American Casualty which assumed all obligations thereunder. The Policy covered losses stemming from certain "wrongful acts" on the part of Major Federal's directors and officers. The Policy also included a "regulatory exclusion" which is the subject of the present dispute.

That exclusion provided:

It is understood and agreed that the Insurer shall not be liable to make any payment for loss in connection with any claim made against the Directors or officers based upon or attributable to any action or proceeding brought by or on behalf of the Federal Deposit Insurance Corporation, the Federal Savings & Loan Insurance Corporation, any other depository insurance organization, the Comptroller of the Currency, the Federal Home Loan Bank Board, or any other national or state regulatory agency (all of said organizations and agencies hereinafter referred to as "Agencies"), including any type of legal action which such Agencies have the legal right to bring as receiver, conservator, liquidator, or otherwise; whether such action or proceeding is brought in the name of such Agencies or by or on behalf of such Agencies in the name of any other entity or solely in the name of any Third Party.

On July 15, 1986, Major Federal filed an action in the Court of Common Pleas of Hamilton County, Ohio in which Zeigler, Strayhorne, and Alexander were named as defendants (hereinafter referred to as the D & O action). The complaint alleges that the negligent acts of the officers and directors of Major Federal resulted in substantial losses to that institution. On July 25, 1986, the Federal Home Loan Bank Board declared Major Federal insolvent and appointed FSLIC as the receiver. Pursuant to statutory and regulatory authority, FSLIC substituted itself for Major Federal as plaintiff in the D & O Action and removed the action to this Court.[1] The named defendants in the D & O action have indicated to American Casualty that they will seek indemnification for any liability under the Policy. American Casualty asserts that no coverage exists by virtue of the regulatory exclusion. The sole question before the Court is whether the regulatory exclusion provision of the Policy excludes coverage for claims arising out of the D & O action also pending before this Court.

### Discussion

Plaintiff submits that the regulatory exclusion excludes from coverage claims arising out of the D & O action since FSLIC substituted itself as party plaintiff thus

---

**1.** The D & O action is styled *FSLIC v. Zeigler,* Case No. C–1–86–861 and is currently pending before this Court.

rendering the action one "brought by or on behalf of the ... Federal Savings & Loan Insurance Corporation." Plaintiff argues that FSLIC's substitution as party plaintiff in conjunction with its removal of the D & O action to this Court constitutes "bringing" the action in this Court.

Defendants argue first that the regulatory exclusion is void and unenforceable because it conflicts with public policy and the statutory rights and regulatory functions of the receiver. Alternatively, defendants argue that the regulatory exclusion does not apply under these circumstances because the D & O Action was brought by Major Federal, not "by or on behalf of" FSLIC. Finally, defendants argue that the regulatory exclusion does not apply to direct actions maintained by FSLIC against the former officers and directors of a failed institution, rather the exclusion applies only to secondary claims in which the covered individuals have been sued by a third party as a result of litigation commenced by the receiver.

The Court finds defendants' second argument to be persuasive. Under the facts of this case, the regulatory exclusion provision does not exclude coverage for claims arising out of the underlying D & O action.

It is well settled that in construing contracts, a "Court has an obligation to give plain language its ordinary meaning, and accordingly, to refrain from rewriting the contractual agreement of the parties". *Miller v. Marrocco*, 28 Ohio St.3d 438, 504 N.E.2d 67 (1986). The Policy provides that coverage is excluded for claims "based upon or attributable to any action or proceeding *brought by or on behalf of*" FSLIC (emphasis added). The underlying D & O action was "brought" by Major Federal in Hamilton County Common Pleas Court, not by FSLIC. Plaintiff argues that

because FSLIC now maintains the D & O action as receiver for Major Federal and in fact removed that action to this Court FSLIC should somehow be deemed to have "brought" the action. This argument, however, is untenable. To "bring" an action or suit refers to the *initiation,* not the *maintenance,*[2] of legal proceedings. *Black's Law Dictionary* [5th Ed.] 174 (1977). Moreover, a suit is "brought" at the time it is commenced. *Id.; Goldenberg v. Murphy,* 108 U.S. 162, 2 S.Ct. 388, 27 L.Ed. 686 (1883). The phrase "on behalf of" is defined as "in the interest of: as a representative of". *Webster's Ninth New Collegiate Dictionary* at 141 (1983). Clearly, Major Federal did not bring the D & O action in the interest of or as a representative of FSLIC which had not yet been appointed as receiver.[3] Such a reading is absurd. Rather Major Federal instituted the suit for the benefit of the depositers.

The Court is also unpersuaded by plaintiff's attempt to demonstrate the intent of the parties concerning the regulatory exclusion by explaining the background for and the reasoning behind its inclusion in D & O policies. Indeed, the intention of the parties must control in insurance contracts, however, "this intent must be demonstrated from the written contractual matter expressed by the parties as contained in the policy of insurance." *MGIC Indemnity Corporation v. Home State Savings Association,* Civil Action No. C–1–81–320 (Southern District of Ohio, June 29, 1984) *aff'd,* 797 F.2d 285 (6th Cir.1986), *citing Olmstead v. Lumberman's Mutual Insurance Company,* 22 Ohio St.2d 212, 259 N.E.2d 123, 127 (1970). Furthermore, when words used in an insurance contract have a plain, ordinary and unambiguous meaning the Court may not resort to construction of such contract. *Id.* The lan-

---

2. Plaintiff suggests that "maintain" is a synonym for "brought". To "maintain" a suit, however, means to uphold, continue on foot and keep from collapse a suit already begun. *Smallwood v. Gallardo,* 275 U.S. 56, 61, 48 S.Ct. 23, 72 L.Ed. 152 (1927); *see also George Moore Ice Cream Co. v. Rose,* 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265 (1933).

3. While plaintiff attempts to imply that some sort of collusion between Major Federal and FSLIC existed because FSLIC was appointed receiver 10 days after the institution of the D & O action, this matter is before the Court on cross motions for summary judgment and there is no evidence to support such an allegation. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

guage in the regulatory exclusion provision of the Policy is clear and unambiguous. Claims arising from the D & O action are not excluded from coverage under the plain meaning of the regulatory exclusion.

Because the Court finds that the regulatory exclusion provision of the Policy does not apply under the specific facts of this case, it is unecessary to address defendants other arguments. The Court merely notes that at least one district court has held a similar regulatory exclusion provision to be void as against public policy. *See Federal Savings and Loan Insurance Corporation v. Oldenburg,* 671 F.Supp. 720 (D.Utah, 1987).

### *Conclusion*

In accordance with the above, plaintiff's cross motion for summary judgment is hereby denied. Cross motions for summary judgment by defendants FSLIC, Srayhorne and Alexander are hereby granted. It is further declared that the regulatory exclusion provision of the Directors and Officers Liability Insurance Policy No. 00457 DAO1 does not apply to claims arising out of the D & O action pending before this Court styled *FSLIC v. Zeigler,* Case No. C–1–86–861.

IT IS SO ORDERED.