MASTERPIECE PRODUCTIONS, Inc. et al.
v. UNITED ARTISTS CORP.

Civ. A. No. 10397.

United States District Court
E. D. Pennsylvania.

Nov. 22, 1950.

Lemuel B. Schofield, Philadelphia, Pa., for plaintiffs.

Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

The defendant has filed a motion for the transfer of this action to the District Court for the Southern District of New York,

under Section 1404(a) of the Judicial Code, 28 U.S.C.A. The motion had previously been argued, and an opinion and order filed, May 23, 1950, 90 F.Supp. 750, denying it on the ground that the action could not have been brought originally in the Southern District of New York, and hence could not be transferred there by this Court, under Section 1404(a). Defendant requested a rehearing, and the motion was argued a second time, the argument bearing largely on the Court's construction of its statutory power to order the transfer.

Upon consideration of the reargument, I reach the same conclusion a second time, and upon an additional, independent ground, rendering unnecessary a re-examination of the prior decision. For even if this Court in its discretion might, under Section 1404 (a), order the transfer, it would not do so. In the statutory language, a transfer is permissible only "For the convenience of parties and witnesses, in the interest of justice * * *." Both plaintiff and defendant have submitted affidavits bearing upon these points, and a careful examination of them does not convince the Court that the conditions necessary for ordering a transfer exist. Of course, it would be more convenient for the defendant to have the trial held in New York City, where its main office is located, but such a bare balance of convenience to the defendant is not sufficiently persuasive to deny plaintiff his choice of forum. It does not appear that this forum was chosen by the plaintiff to "vex, harass or oppress" the defendant, or that by trying the case here, the defendant would be harassed. The necessary books and records are apparently located in many different parts of the country. Witnesses would similarly come from various localities. The case does not seem to involve local questions or have local coloring. In fact, it appears that the acts complained of could have occurred as consistently in this district, where defendant maintains one of its principal exchanges, as elsewhere, so that this forum would not in any sense be an inappropriate one.

Accordingly, the order of May 23, 1950, will be reaffirmed.