## HERZOG v. CENTRAL STEEL TUBE CO.

### Civ. No. I–74.

United States District Court
S. D. Iowa, Davenport Division.

April 21, 1951.

Gallagher, Farrish & Sheran, Mankato, Minn., for plaintiff.

F. J. MacLaughlin, Davenport, Iowa, for defendant.

RILEY, District Judge.

In this case, plaintiff seeks to avail himself of the benefits of Sec. 1404(a) of Title 28 U.S.Code, by moving for a transfer of this action to his district in Minnesota.

The defendant was not a resident of plaintiff's district when suit was commenced, but was and is an Iowa corporation whose principal office is at Clinton, Iowa, in this District. Jurisdiction in this suit is founded only on diversity of citizenship. The action could have been "brought" only in this district. 28 U.S.C.A. § 1391(a).

Plaintiff contends that since potentially his district is one "where it (the action) might have been brought", if defendant resided within that district, it may now be taken there by transfer and that this procedure is within the ambit of Section 1404(a). The Congress has not yet so declared.

To say that defendant could have been sued in Minnesota *if* it resided there and then, because it does not reside there but resides and is amenable to our jurisdiction here, to ask this court to apply Section 1404(a) to send it for trial into a district which lacks jurisdiction because of Section 1391 (a), is to ask this court to supply what it is believed Congress has not authorized in 1404(a).

We are persuaded by the opinion of the Second Circuit Court of Appeals, speaking through L. Hand, J., in Foster-Milburn Co. v. Knight, 181 F.2d 949, 952. We accept his statement: "The revisers say that § 1404(a) 'was drafted in accordance with the doctrine of forum non conveniens,' and that doctrine always 'pre-

608

supposes at least two forums in which the defendant is amenable to process.' "

Counsel for the plaintiff have stated that they rely on the opinion of our predecessor in Otto v. Hirl, D.C., 89 F.Supp. 72, and on McCarley v. Foster-Milburn Co., D.C., 89 F.Supp. 643. Both are carefully written opinions. Neither writer had the benefit of the views of Judge Hand later expressed in Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949, cited above, wherein he disapproves of the McCarley opinion. We accept Judge Hand's conclusion and view and overrule the motion.

The Clerk will enter the following order:

This matter came on for hearing before the court at Davenport, Iowa, on the motion of the plaintiff to have the action transferred from this division and District to the District of Minnesota. Argument was had by written briefs and the court being advised, finds that the motion should be overruled.

It is therefore Ordered that the motion of the plaintiff herein to transfer this action to the District of Minnesota, under Sec. 1404(a), Title 28, U.S.Code, be and the same is hereby overruled. Plaintiff excepts.